## D. G. Smith v. Thomas M. Warren.

(Case No. 1247.)

1. PRACTICE — VERDICT.— When a verdict is in response to special issues alone, the court will not look beyond the finding to any fact apparent in the record in aid of the judgment; the judgment must be sustained by the finding.
2. SHERIFF'S SALE.— See statement and opinion for a case in which the special findings of the jury, being construed together, rendered invalid sales of land made on the direction of attorneys, against the wishes and direction of the legal owner of the judgment under which the sale was made.

APPEAL from Williamson. Tried below before the Hon. W. A. Blackburn.

Motion filed December 1, 1880, by which Warren sought to recover of Smith and one William Hunt the sum of $2,976, claimed to be the difference between the amount for which they bid off a certain tract of land of Warren's at sheriff's sale, and which bid they failed to make good, by not complying with the terms of sale, and the amount for which the land was sold by the sheriff on re-advertisement and sale. Bybee had recovered a judgment against Warren, and secured a foreclosure of a vendor's lien upon the land. For a balance remaining due thereon, it appears that Makemson & Posey, who claimed to own an interest in the judgment, caused an order of sale to be issued and the land advertised and sold, at which sale the appellant bid $3,001, and the land was struck off to him and William Hunt; it appears, however, that Hunt had no interest in the bid and was not in any way connected with it. Appellant having failed to comply with the terms of the sale, at the direction of Makemson & Posey the sheriff readvertised and sold the land, and at the last sale it was purchased by Makemson for $25.

Hunt and appellant claimed that the former was the owner of the judgment, and as such directed the sheriff to return the writ,

and not to readvertise and sell the land. But without Hunt's knowledge or consent the sheriff did readvertise and sell under the directions of Makemson & Posey, who it was claimed had no interest in or right to control the judgment.

Upon the trial the court submitted special issues, which were responded to by the jury, and upon which the court rendered judgment in favor of Hunt for costs, and against Smith for $1,025 and costs, from which he appealed.

The material error relied on is indicated in the opinion.

*Walton & Hill*, for appellants.

*Makemson, Fisher & Price*, for appellee.

WATTS, J. COM. APP.— Upon the trial in the court below, the real issue was as to whether or not Makemson & Posey owned an interest in the judgment of Bybee *v.* Warren, at the time of the sheriff's sale at which Makemson purchased the land. That judgment was recovered in April, 1877. In response to special issues the jury found that about 1877, Bybee did transfer or assign an interest in the notes to Makemson & Posey. And after that agreement Posey wrote the transfer of the judgment from Bybee to Smallwood. And further, that Makemson & Posey never owned that judgment.

It is the settled rule of practice that where a verdict is in response to special issues alone, the court cannot look beyond the finding to any fact apparent in the record in aid of the judgment. Ledyard *v.* Brown, 27 Tex., 393. In such case the verdict is the basis of the judgment, which must be sustained by the finding. Here the finding upon the vital issue, though apparently conflicting, is not in fact necessarily so. That is, it is not impossible nor even improbable that an interest in the notes might have been transferred to Makemson & Posey about 1877, and still that they might not have owned the judgment, or any interest therein, rendered April, 1877. True, if the interest in the notes had been assigned to them by Bybee after the judgment was rendered, that would have carried with it an interest in the judgment. Gaines *et al. v.* Exchange Bank, etc., Law Reporter, vol. 1, No. 6, p. 479. So, also, if they owned an interest in the notes at the time of the rendition of the judgment, they would own a like interest in the judgment.

While the jury find that an assignment of an interest in the notes was made to them, the other finding, however, negatives the idea that they had such interest at the time of the rendition of the judgment or subsequent thereto.

For anything appearing by the finding of the jury, it might be that Makemson & Posey had disposed of that interest in the notes before the rendition of the judgment in favor of Bybee. That assumption is in harmony with and reconciles the several findings of the jury, which otherwise would be inconsistent with each other. Then, construing the several findings together, as consistent with each other, it results that Makemson & Posey would have no right to control the execution, in opposition to the wishes and directions of Hunt, the legal owner of the judgment. And that it was error to render judgment against appellant upon that verdict.

While the court would have the power to reverse the judgment, and here render such judgment as should have been rendered by the court below upon the findings, still, from the condition of the record, it is suggested that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted December 4, 1883.]