Delivered December 16, 1890.

---

GEO. GREEN v. CROSS AND EDDY, RECEIVERS, ETC.

No. 3135.

1.   **Section Hand on Railroad—Risks Assumed.**—A section hand knowing the bad condition of the road over which he was accustomed to pass upon a hand car in going to and returning from his work, assumes the risk of passing over such defective way.   His knowledge of the general bad condition is sufficient without actual knowledge of the particular defective rail which caused the injury.

2.   **Mistaken Reasons for Judgment.**—The trial judge, after finding the facts, made an erroneous finding upon the law, but rendered proper judgment upon the facts; *held* that the error in reaching the correct judgment is no ground for reversal.   See facts.

APPEAL from Marion.   Tried below before Hon. John H. Sheppard.
The opinion gives a statement.

*J. A. Armistead,* for appellant.— 1. If appellant was guilty of negligence at all, his negligence was slight compared with the gross negligence of appellees, and therefore he is entitled to recover.   Railway v. Jacobs, 20 Ill., 478; Railway v. Dimick, 96 Ill., 42; Haywood v. Miller, 94 Ill., 349; Railway v. Wallace, 110 Ill., 114; City of Chicago v. Fleming, 14 Lea, 128; Railway v. Fain, 12 Lea, 35; Whart. on Neg., sec. 334; 2 Thomp. on Neg., p. 1168; Shearm. & Redf. on Neg., sec. 37; Beach on Neg., p. 96.

2.   The negligence of appellees was the direct and proximate cause of

appellant's injury, and they are liable in damages. Railway v. State, 33 Md., 542–554; Burham v. Railway, 56 Mo., 338; Henry v. Railway, 76 Mo., 288; Brown v. Railway, 50 Mo., 461; Lowry v. Railway, 99 N. Y., 158; Ring v. Cowles, 77 N. Y., 83; Railway v. Davis, 18 Ga., 679; State v. Railway, 52 N. H., 528; Cooper v. Railway, 44 Ia., 134; Kerwhacker v. Railway, 3 Ohio St., 172.

3. The duty of a railway company to provide safe and suitable instrumentalities is one which it can not delegate to the servants so as to be relieved from responsibility; and this extends to the track and the condition of the cars and machinery upon or in connection with which they are employed. Fay v. Railway, 30 Minn., 231; Madden v. Railway, 32 Minn., 303; Rausier v. Railway, 32 Minn., 331; Drymala v. Thompson, 26 Minn., 40; Mulvy v. Locomotive Works, 14 R. I., 204; Hough v. Railway, 100 U. S., 213.

4. Neither upon principle nor authority can it be held that the negligence of the servant in using imperfect machinery excuses the principal from liability for an injury which could not have happened had the machinery been suitable for the use to which it was employed. Commonwealth v. Railway, 81 N. Y., 206; Kirkpatrick v. Railway, 79 N. Y., 240.

5. The duty of a railway company to have a sound track is one from which it cannot excuse itself by the fact that some other servants of the company had failed to construct or keep it in repair. Railway v. Kirk, 62 Texas, 227; Railway v. McAtee, 61 Texas, 695; Trask v. Railway, 63 Cal., 96; Davis v. Railway, 55 Vt., 84; 45 Am. Rep., 590; Railway v. Herbert, 33 Alb. L. J., 288.

6. A railway company is bound to take reasonable care to furnish its employes with adequate materials and resources for the work, and to see that a sufficient number are employed, when it is dangerous to leave the work to a few only. Hough v. Railway, 100 U. S., 213; Holden v. Railway, 29 Mass., 268; Railway v. Duffy, 35 Ark., 602; Vosburg v. Railway, 94 N. Y., 374; Coen v. Railway, 81 N. Y., 206; Tiny v. Railway, 24 Am. Law Reg., 669, note; Behm v. Armorer, 58 Wis., 1; Siela v. Railway, 82 Mo., 430; Railway v. Taylor, 69 Ill., 461; Both v. Railway, 73 N. Y., 38.

*F. H. Prendergast*, for appellees.— The court correctly rendered judgment for defendants, because the facts showed that plaintiff was a section hand on that part of the track and knew of the bad condition of the track, and he assumed the risk of being injured by a defective track. Rusk v. Railway, 28 Am. and Eng. Ry. Cases, 485; Couch v. Railway, 28 Am. and Eng. Ry. Cases, 337; Railway v. Donnelly, 70 Texas, 373.

GAINES, ASSOCIATE JUSICE.—This was a suit for damages for personal injuries, brought by appellant against appellees as receivers of the Missouri, Kansas & Texas Railway Company.

The conclusions of fact found by the court in respect to the cause of the injury are as follows:

"That the plaintiff was a section hand on the Missouri, Kansas & Texas Railway at the time alleged in plaintiff's petition, on the first section of what is known as the East Line & Red River Railway, from Jefferson, Texas, seven miles west, and had been for several months. That the iron rails of said road over said section were considerably worn, and in places mashed so as to make the track uneven; that the defendant knew the condition of the track over said section; that on the day alleged in plaintiff's petition he was riding on a hand car of defendant, going from where he had been at work on said section to the place where the section hands were carrying said hand car when they quit the day's work; that whilst so riding on said hand car with three others, his colaborers, the said car was thrown from the track, caused from a defect in one of the rails of said road, and the plaintiff was thereby thrown against the end of a crosstie, striking the plaintiff on the left leg opposite the hip, which caused a severe wound," etc.

As matter of law the court found that the plaintiff could not recover, "because his injuries were the result of his own negligence in not reporting the condition of the track to those whose duty it was to repair it, and because the defects in said track were patent, and it was his duty to repair the same or to report its condition to his section boss."

The assignments of error question the correctness of the legal propositions upon which the judgment was based. These propositions can not be sustained. The law does not impute negligence to a servant for using the machinery of his master which he knows to be defective. He merely assumes the risk incident to such defect, and can not recover damages for any injury which results from it. It is not true as a legal proposition that it is the duty of a section hand on a railroad to repair all patent defects in the track on his section or to report such defects to his foreman. What his duty may be is a matter of fact, and depends upon the terms of his contract for service.

But it does not follow that the judgment must be reversed because the trial judge has given a wrong reason in support of it. The findings of fact show (and the evidence upon the issue is undisputed) that the track was out of repair, that the iron was worn, and that the plaintiff knew the general condition of his section. He took the risk incident to that general condition, and it matters not whether he knew of the particular defect in track which caused the injury or not. Railway v. Somers, 71 Texas, 700. He knew that just such defects existed in the track, and it does not avail him to say that he was ignorant of the one which caused the injury.

The court has rendered a correct judgment. The fact that a wrong reason is given for it does not justify its reversal. It is therefore affirmed.

Delivered December 16, 1890.                    *Affirmed.*