Texas & Pacific Railway Co. v. R. Watson and J. B. Richardson.

Delivered May 23, 1896.

**1. Pleading—Amendment—New Cause of Action—Receiver—Limitation.**
Plaintiffs brought an action for damages against the receiver of a railway company, and upon the discharge of the receiver joined the railway company itself as a party defendant. In a subsequent amendment recovery was sought against the railway company on the ground of a fraudulent and void receivership. Held, that the cause of action set out in the amendment was not a continuation of that originally brought against the receiver, and was subject to the bar of limitation.

**2. Verdict—Special Issues—Controverted Facts Omitted.**
When special issues are submitted to a jury, the verdict must find all the facts controverted by the pleadings and not admitted by the parties, necessary to support the judgment. The court cannot in such case look to the evidence for facts upon which to found the judgment.

APPEAL from County Court of Eastland. Tried below before Hon. G. W. Dakan.

*Scott & Brelsford,* for appellant.—1. The court erred in refusing to give in charge to the jury defendant's special instruction No. 1, because the pleadings and proofs plainly raised the question of limitation, and the court should have charged the jury on that question as requested. 24 Texas, 495; 38 Texas, 578; 10 Texas, 118; 17 Texas, 559; 85 Texas, 292; 78 Texas, 528.

2. More than two years' time having elapsed between the date of the injury and the institution of suit against appellant, T. & P. R'y Co., or the making of T. & P. R'y Co. defendant, the cause of action

against T. & P. R'y Co. was barred by limitation, in the absence of fraudulent concealment on the part of said company.

*R. B. Truly* and *B. F. Cotton*, for appellees.—There was no question of limitation necessary or proper to be submitted to the jury in the case under the pleadings and the facts. The suit against the pretended receiver and the filing of appellees' petition of intervention against appellant in said U. S. Circuit Court being a sufficient commencement of suit against appellant. Beside this, appellants alleged that defendants' business as a common carrier and the management of its affairs by said pretended receiver was done with intent to hinder and delay plaintiffs and other creditors. That plaintiffs relying upon the fact believing that said Brown was the lawful receiver of defendant company sued him, as such receiver, when it was ascertained that he was only the agent or representative of defendant company. Tex. & Pac. Railway Co. v. Watson, 24 S. W. Rep., 952; Railway v. Comstock, 83 Texas, 640; Tex. & Pac. Railway Co. v. Gay, 26 S. W. Rep., 599.

STEPHENS, ASSOCIATE JUSTICE.—The history of this case may be found in the opinion of Justice Head on the former appeal, 24 S. W. Rep., 952, and need not be repeated.

Instead of conforming to the views there so clearly expressed, appellees upon the next trial again insisted upon the original judgment against the receiver, rendered after his discharge, as conclusive against appellant, and erroneously caused it to be read in evidence to the jury. They also sought to avail themselves of the principles announced in the opinion of Chief Justice Stayton in the case of T. & P. Ry. v. Gay, charging that the receivership was void ab initio for want of jurisdiction in the court creating it, etc. 86 Texas, 571.

To the claim so founded and for the first time alleged, the statute of limitations was interposed as a defense, but the court, though requested so to do, refused to submit it to the jury. In the Gay case no such request was made; hence the omission was there held not to be reversible error. 27 S. W. Rep., 742; 30 S. W. Rep., 543.

We are of opinion, however, that there was no occasion for appellees to have attacked the validity of the receivership, as the proof made the usual case against the company of liability for the acts of the receiver, resulting from a return of the property to the company without sale after a large expenditure by the receiver of current revenues in betterments, etc. 86 Texas, 608, and cases cited on that page.

Had appellees not thus needlessly extended their declaration, the issue of limitation, as held in the cases just referred to, as well as in our former opinion, would have been eliminated. Appellant could not itself have been heard to dispute the validity of the fraudulent receivership, so long as appellees did not attack it. But in so far as they sought to recover against appellant on the ground of a fraudulent and void receivership, the action was not a continuation of that originally brought against

the receiver. It was a new suit, to which the defense of limitation was consequently a bar, unless avoided by allegation and proof not only of a collusive and void receivership, but also of a concealment by appellant of its true character by a fraudulent holding out of Brown as the receiver of the court instead of its own agent. It is very doubtful whether such matter in avoidance of the plea of limitation was sufficiently alleged or proven to call for any qualification of the charge requested and refused on that subject. In the Gay case it was charged that the receivership was a collusive one, obtained for a fraudulent purpose and in a court without jurisdiction; that the Texas & Pacific Company had fraudulently held out Brown as receiver when he was really but its agent, thereby misleading the deceased and the parties suing, so that the true status was not discovered till just before the filing of the new petition. The pleading in the case at bar barely suggested such matter in avoidance of the plea.

The proof was even more deficient, the transcript of the proceedings in the Federal Court showing the circumstances under which the receiver was collusively appointed not being produced in evidence, as was done in the Gay case. Nor did appellees testify, as they might easily have done, that they had been deceived and misled by the pretended receivership, though this was perhaps inferrible from their conduct.

But if there was no error, as assigned, in refusing the charge submitting the defense of limitation, though it seems to us there was, the judgment must still be reversed for fundamental error, in that it is not supported by the special verdict upon which it purports to stand.

Four special issues only were submitted, which, with the verdict thereon, are as follows:

"First Issue: Were the plaintiffs' horses injured in course of shipment from Ranger, Texas, to New Boston, Texas, on October 20, 1887, under a contract of shipment as alleged in their petition?

"Answer of Jury to First Issue: Yes.

"Second Issue: Did such injuries occur while John C. Brown had the management and control of the Texas & Pacific Railway Company as receiver of said company?

"Answer of Jury to Second Issue: Yes.

"Third Issue: Find the difference in the market value of the horses (so injured, if they were injured) at New Boston, Texas, at the time of their arrival there, if any, without such injuries, and in the condition they would and should have been delivered, and their condition injured as they were (if they were injured) at that time and place.

"Answer of Jury to Third Issue: We, the jury, find horses damaged to the extent of $400.00 (four hundred dollars).

"Fourth Issue: State whether or not John C. Brown had the sole management and control of the property of the Texas & Pacific Railway Company at the time of the injuries to plaintiffs' horses, if any?

"Answer of Jury to Fourth Issue: Yes."

It will be observed that the issue as to betterments was not submitted.

and without a finding against appellant on that issue, the verdict falls short of finding it liable for the acts of the receiver in question. The fact was put in issue by the general denial, and though indisputably proven it was not admittted.

The court cannot look to the evidence for facts upon which to found the judgment, where special issues are submitted. The verdict must either be a general one finding for one party against the other, or, if a special one, it must find all the facts controverted by the pleadings and not admitted by the parties necessary to support the judgment. This is a well settled rule of practice in this State. Ledyard v. Brown, 27 Texas, 393; Smith v. Warren, 60 Texas, 462; Maxwell v. Bank, 23 S. W. Rep., 342, and case there cited. Moore v. Moore, 67 Texas, 294.

The judgment will therefore be reversed and the cause remanded for a new trial.

*Reversed and remanded.*