E. A. ALLEN v. GALVESTON, HARRISBURG· & SAN ANTONIO RAILWAY CO.

Delivered September 23, 1896.

**1. Master and Servant—Negligence of Fellow Servant.**
Plaintiff, an experienced workman in the service of a railway company, was engaged in repairing a bridge, and was injured by reason of stepping on a plank which had been laid across the structure, and had been left unfastened without the knowledge of the foreman. Held, that such injury, resulting from the negligence of a fellow servant, was a risk assumed by plaintiff in his employment, and he was not entitled to recover, the Act of 1891, relating to fellow servants, being then in force.

**2. Same—Continuing Negligence.**
Although at the time the plank was laid on the bridge and left unfastened, plaintiff was engaged at another place and upon different work, yet as the negligence, if any, was not in laying the plank, but in allowing it to remain unfastened, this was an act of negligence continuing after plaintiff had become a fellow servant of the other workmen, and he could not recover.

**3. Same—Master's Duty of Inspection and Furnishing Safe Appliances.**
The rule that the master owes the servant the duty of inspection, or reasonable care in furnishing him safe and suitable means for performing his work, has no reference to the safety and condition of the thing the servant is to repair or complete; and hence a servant employed to repair a bridge must be presumed to have notice of its unfinished state, and assumes the risk thereof, unless the servants or materials furnished by the master are unfit for the work.

APPEAL from Bexar. Tried below before Hon. R. B. GREEN.

*Powell & Burgess* and *Fleming, Camp & Camp,* for appellant.— There was evidence before the jury from which they might legally have found the defendant liable to plaintiff for the injuries sustained by him had the court submitted to them, under a proper charge, the issues made by the pleadings and the evidence. Rev. Stats. (1895), art. 4560g; Bonnett v. Railway, 33 S. W. Rep., 334; Railway v. Sullivan, 2 Posey's U. C. 315; Railway v. Kernan, 78 Texas, 294; Wood on Master and Servants, secs. 329, 344, 345.

*Upson, Bergstrom & Newton,* for appellee.—1. A person employed to work upon an incomplete structure for the purpose of building and completing the same, assumes all risk of injury by reason of any of the incomplete portions thereof, and all persons working upon, or having worked upon such structure, are fellow servants; and the master is only liable to such employes for injuries caused by reason of defective material, tools or appliances furnished, or negligence in the general plan of construction, and the structure so being erected and used by the employes to stand upon is not a tool or appliance furnished by the master to his employes. Armour v. Hahn, 111 U. S. 318; Railway v. Jackson, 65 Fed. Rep., 48; Lindvall v. Woods, 42 N. W. Rep., 1020; Murphy v. Railway, 8 Am. & Eng. R. R. Cas., 510; McKinney on Fel. Servants, pp. 67, 68, secs. 27, 28.

JAMES, CHIEF JUSTICE.—It appears that on August 9, 1892, a number of men, among them the plaintiff, were put to work to repair a span of one of appellee's bridges. After working two days getting the bridge in shape for trains to pass over it, plaintiff and several others were detached and sent off to work at another point where they remained several days. On the morning of the 17th of August plaintiff resumed work on the bridge. During his absence work had proceeded on the bridge, and the necessary pile bents and permanent cap stringers, ties and rails had been put in. The rails had been fastened to each third or fourth tie, and trains passed over. A plank intended for a guard rail had been laid over the end of the ties, the design of which was to hold the ties in place. This had been laid on in plaintiff's absence, and had not yet been nailed. Some of the ties were out where it was necessary to put in new work, according to plaintiff's testimony. The trestle was unfinished, and plaintiff and one McMickle were engaged in putting cordbolts in the wooden trestle. Plaintiff was a skilled bridge carpenter. There were about twenty men working toward the completion of the structure when plaintiff received his injury, all working under a common foreman. The main bridge crew worked on the bridge from the beginning.

About nine o'clock on the 17th, he and McMickle were ordered by the foreman to go down on a pier to get some bolts which were kept on top of the pier about four feet below the ties, to put in. They got the bolts and McMickle got back on the track, but plaintiff, in getting back, stepped on the loose plank, which caused it and the ties to move, and he was thereby thrown to the ground, sustaining severe injuries.

The trial judge directed a verdict for the defendant.

The Act of 1891 relating to fellow servants was in force when this accident took place. The plank in question had been laid by the workmen while plaintiff was engaged at other work, and at a time when they were not his fellow servants in the meaning of said act. The negligence, if any, consisted not in laying the plank, but in letting it remain unfastened. This was a continuing act of negligence. When

plaintiff returned to work on the bridge, he again became a fellow servant of the others there at work, and the continuing act of negligence, that of allowing the plank and ties to remain unfastened, would from that time be attributable to his fellow servants. Hogan v. Henderson ·(N. Y.), 26 N. E. Rep., 742; McCampbell v. Canard (N. Y.), 39 N. E. Rep., 637. Under these circumstances it was a risk he assumed, and defendant would not be liable unless it did something to enhance the risk.

There is an another principle of law which it seems to us leads to the same result. Ordinarily the master owes his servant the duty of inspection or reasonable care in furnishing him safe and suitable means for performing his work. This rule has no reference to the safety and condition of the thing the servant is employed to repair or complete. As stated in Carlson v. Railway, 28 Pac. Rep., 497, "Where a servant is employed to put a thing in a safe and suitable condition for use it would be unreasonable and inconsistent to require the master to have it in a safe condition and good repair for the purpose of such employment." If the thing furnished the servant to work upon or with, be a tool or some instrument or say a completed structure, the rule applies that the master is liable for defects therein which reasonable care for the safety of the employe would have disclosed. But if it be a part of the very thing the servant is set to work upon to repair or finish, the latter is presumed to have notice of its unfinished state and to assume the risks thereof, unless the master has done something or does something which increases this risk. The plaintiff here knew when he returned to work that the bridge was uncompleted, for he engaged himself to assist in completing it, and assumed the risks that attended its unfinished state. The master did not owe him the duty to watch and have the various parts of the work then in progress in a secure condition for him to engage in his work. Armour v. Hahn, 111 U. S., 318; Railway v. Jackson, 65 Fed. Rep., 48; Marsh v. Herman, 50 N. W. Rep., 611; Busley v. Wheeler, 27 L. R. Ann., 270.

With reference to negligence of the master it does not appear that the plan of construction was defective, or had anything to do with the injury, nor were the servants or materials furnished shown to be unfit. Plaintiff was a mature and experienced bridge workman, and defendant did not owe him the duty of explanation. The foreman had not ordered the plank to remain unnailed, nor does it appear even that he knew that it was unfastened.

We believe the instruction was correct, and therefore the judgment is affirmed.

*Affirmed.*