CISCO OIL MILL v. VAN GEEM.
(No. 7915.)

(Court of Civil Appeals of Texas. Ft. Worth. April 4, 1914.)

1. TRIAL (§ 356*)—VERDICT—FAILURE TO ANSWER INTERROGATORIES OR MAKE FINDINGS.

Where, in a negligence case, special issues of negligence, contributory negligence, and assumption of risk were submitted, the failure of the jury to find upon the issues of contributory negligence and assumption of risk was in direct violation of Rev. St. 1911, art. 1988, providing that the verdict shall comprehend the whole issue or all the issues submitted to the jury, and no final judgment could be rendered; article 1985, providing that upon appeal or writ of error an issue not requested shall be deemed as found by the court in such manner as to support the verdict, being inapplicable.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 849–854; Dec. Dig. § 356.*]

2. APPEAL AND ERROR (§ 719*)—ASSIGNMENT OF ERRORS—NECESSITY — FUNDAMENTAL ERROR.

Error in rendering judgment in a negligence case upon a verdict which failed to find upon special issues of contributory negligence and assumption of risk submitted being fundamental, an assignment of errors was unnecessary.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. § 719.*]

3. COURTS (§ 170*)—PLEADING—JURISDICTION—PLEA TO JURISDICTION—AMOUNT IN CONTROVERSY—ALLEGATIONS—TIME TO PLEAD.

The allegations of the petition as to the amount in controversy determine the jurisdiction of the court, unless the defendant specially plead and show by evidence that such amount so alleged was for the fraudulent purpose of giving the court jurisdiction, and the time to file such a plea is prior to the beginning of the trial.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. § 170.*]

4. EVIDENCE (§ 14*)—JUDICIAL NOTICE.

The court, in a negligence case, could not take judicial notice that plaintiff, a young man, had such a life expectancy that if $10 per month be allowed for the remainder of his life for permanently diminished capacity to labor the amount so claimed would give an aggregate of more than $1,000.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 19; Dec. Dig. § 14.*]

5. DAMAGES (§ 153*)—AMOUNT OF DAMAGES—ALLEGATIONS IN PLEADINGS.

A petition in a personal injury action was subject to special exception for failure to itemize the amount of damages claimed so as to show the amount claimed for loss of time, doctor's bills, drug bills, etc.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 422–425; Dec. Dig. § 153.*]

6. MASTER AND SERVANT (§ 217*)—RISKS ASSUMED BY SERVANT—DEFECTIVE OR DANGEROUS PLACE TO WORK.

Where an employé of a gin company knew that a ginhouse was so constructed as to cause excessive vibrations of the machinery and gins while in operation, and also knew of the risk incident to such condition, he assumed any risk of injury due to such condition.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. § 217.*]

7. TRIAL (§ 350*)—SUBMISSION OF ISSUES.

In an action for an injury to an employé of a gin company, caused by an alleged defective lever, where the court submitted the issue of defendant's negligence in furnishing the gin stand with the defective lever, it was improper to submit, as independent grounds of recovery, defendant's failure to warn of the defect, that the employé's work had been negligently changed with the assurance that the machinery would be looked after and repaired, and that defendant failed to employ an experienced mechanic to keep such machinery in repair, since such issues were included in the main issue first submitted.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 828–833; Dec. Dig. § 350.*]

8. MASTER AND SERVANT (§ 217*)—RISKS ASSUMED BY SERVANT — DEFECTIVE APPLIANCES.

If it was the duty of an employé of a gin company to inspect the machinery and to repair any defects before operating it, he assumed the risk of any defect and could not recover for an injury caused by any such defect.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. § 217.*]

Appeal from Eastland County Court; E. A. Hill, Judge.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Action by Chas. M. Van Geem against the Cisco Oil Mill. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Cunningham & Oliver, of Abilene, for appellant. Earl Conner, of Eastland, for appellee.

DUNKLIN, J. This is the second appeal in this case; the decision upon the former appeal being reported in 152 S. W. 1108. Chas. Van Geem, plaintiff in the case, sustained an injury to his hand as the result of that member coming in contact with the saws of a gin operated by the Cisco Oil Mill, and he instituted this suit against the company for damages resulting from that injury. Upon the former trial a judgment was rendered in favor of the defendant. Upon the last trial the plaintiff recovered and the defendant has appealed.

According to plaintiff's testimony given upon the trial, at the time of his injury he was engaged in cleaning out one of the gin stands after the ginning for the day had terminated. In order to do this, he signaled the engineer to start the machinery. When that was done, he raised the breast of one of the gin stands, and started to place a block thereunder to hold it up, when the lever with which the gin was provided for raising the breast, and which was in a defective condition, broke, and knocked his hand against the saws, thus causing his injury. In his petition he alleged that the house in which the gin stands and machinery were installed was constructed in such a manner as to cause excessive vibrations of the machinery and gins while in operation; that the gin and lever with which he was working at the time of his injury were out of repair and in a defective condition; that the portion of the building where he was working was improperly lighted; that by reason of his inexperience in the operation of gins he was ignorant of the dangers of that service; and that defendant failed to warn him of such dangers. He alleged that defendant was guilty of negligence which was the proximate cause of his injury in constructing the building in the manner indicated, in furnishing the gin in the condition mentioned, and without sufficient lights, and in failing to warn him of the dangers of the service he was performing at the time of his injury.

[1] There was a jury trial upon special issues submitted, which, briefly stated, were negligence of the defendant alleged to be the proximate cause of plaintiff's injury, contributory negligence of the plaintiff, and assumption of risk of the injury by plaintiff. The jury rendered a verdict showing a finding of negligence on the part of the defendant which was the proximate cause of the injury, but the verdict omits any finding upon the other two issues of contributory negligence and assumed risk. There was evidence introduced upon the trial sufficient to sustain both the defenses pleaded by appellant of contributory negligence and assumed risk. In its brief in this court appellant has assigned error to the rendition of the judgment in the absence of a finding by the jury upon the two issues last mentioned, and we are of the opinion that this assignment must be sustained. Following are articles of Revised Civil Statutes 1911:

Article 1985: "The special verdict must find the facts established by the evidence, and not the evidence by which they are established; and it shall be the duty of the court, when it submits a case to the jury upon special issues, to submit all the issues made by the pleading. But the failure to submit any issue shall not be deemed a ground for reversal of the judgment, upon appeal or a writ of error, unless its submission has been requested in writing by the party complaining of the judgment. Upon appeal or writ of error, an issue not submitted and not requested by a party to the cause, shall be deemed as found by the court in such manner as to support the judgment; provided, there be evidence to sustain such a finding."

Article 1988: "The verdict shall comprehend the whole issue or all the issues submitted to the jury."

Article 1994: "The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity."

The provision in article 1985, supra, that, "upon appeal or writ of error, an issue not submitted and not requested by a party to the cause, shall be deemed as found by the court in such manner as to support the judgment; provided, there be evidence to sustain such a finding," does not apply in the present case, for the issues of contributory negligence and assumed risk were submitted by the court, and there was evidence sufficient to sustain those defenses, as noted already. The failure of the jury to find upon those two issues was in direct violation of article 1988, and hence no final judgment could be rendered in the cause. See Ablowich v. Greenville Natl. Bank, 95 Tex. 429, 67 S. W. 79, 881; T. & P. Ry. Co. v. Watson, 13 Tex. Civ. App. 555, 36 S. W. 290, and cases there cited; Stephenson v. Chappell, 12 Tex. Civ. App. 296, 33 S. W. 880, 36 S. W. 482.

[2] The assignment now under discussion was not filed in the trial court, but is submitted in appellant's brief in the form of a proposition under two other assignments, to which perhaps it is not germane, and appellee has objected to a consideration of the same for that reason. However, we are of the opinion that the error is fundamental and that appellant was not required to file the assignment thereto in the trial court. See Rules 23 and 24, 142 S. W. xii. The re-

versal of the judgment for the error noted above renders it unnecessary to discuss the numerous objections made by appellee to a consideration of the various assignments contained in appellant's brief.

[3, 4] For the guidance of the trial court upon another trial we deem it expedient to discuss in a general way some of the questions raised by numerous assignments of error. Two of those assignments relate to the question of jurisdiction of the court to determine the case. The amount claimed in plaintiff's petition was expressly limited to the sum of $1,000. After the trial began and apparently after the evidence had been concluded, appellant filed what is designated as a plea to the jurisdiction, alleging in substance that in his petition plaintiff had restricted his recovery to the sum of $1,000 for the fraudulent purpose of giving the trial court jurisdiction of said cause, and that it had been developed by the evidence heard that the amount in controversy was in excess of $1,000. Upon the plea to the jurisdiction the court instructed the jury that if they should believe from a preponderance of the evidence that "the plaintiff brought this suit for a less amount than has been established to be due the plaintiff, and that in the bringing of this suit [by] the plaintiff the same was done as a fraud upon the jurisdiction of this court and was knowingly done for the purpose of maintaining this suit in this court, when in truth and in fact this court had not jurisdiction of the amount in controversy, if you so find, you will find for the defendant on the plea of [to] the jurisdiction of this court." The allegations contained in the petition would determine the jurisdiction of the court, unless the defendant should specially plead and show by evidence that the fixing of the amount of damages claimed at $1,000 only was done for the fraudulent purpose of giving the court jurisdiction. The proper time to file such a plea to the jurisdiction is prior to the beginning of the trial, and the allegations contained in the appellant's plea that the evidence heard had already shown the amount in controversy to be in excess of the jurisdiction of the court had no place in such plea. Nor was it proper for the court in the charge to hinge the strength of the plea upon the amount of damages which had been established by proof, rather than upon the good faith of the plaintiff in the allegations contained in his petition. The charge given was further erroneous in that it left for the determination of the jury what amount in controversy would be beyond the jurisdiction of the court. In answer to the contention made by other assignments that the petition showed on its face a cause of action over which the trial court had no jurisdiction, we desire to say that no facts are alleged in plaintiff's petition which show the amount in controversy to be more than the amount for which judgment was sought, as appeared in Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294. The only argument presented to support a conclusion to the contrary is that in the absence of any allegation to that effect the court should take judicial cognizance that plaintiff, a young man, had such a life expectancy that if $10 per month be allowed for the remainder of his life for permanently diminished capacity to labor resulting from his injury, as alleged in his petition, the amount so claimed would be such a sum as when added to other damages claimed and itemized in the petition would give an aggregate of more than $1,000. We know no law which would warrant us in assuming judicial knowledge of such facts.

[5] In view of the reversal it is unnecessary to discuss the assignment of error to the failure of the jury to render any finding upon the plea to the jurisdiction further than to say that upon another trial as a matter of course with a proper plea to the jurisdiction and evidence to sustain the same, there should be a finding thereon. We are of the opinion further that the special exception addressed to plaintiff's petition for its failure to itemize the damages claimed in the aggregate so as to show the amount claimed for loss of time, doctor's bills, drug bills, etc., should have been sustained. Randall v. Rosenthal, 31 S. W. 822.

[6, 7] Among the issues of negligence submitted by the court for the determination of the jury as a proximate cause of plaintiff's injury were the improper construction and maintenance of the ginhouse resulting in vibrations thereof, and the insufficiency of the lighting of the same. The evidence shows conclusively that these conditions were known to the plaintiff before he was injured, and that he also knew of the risk ordinarily incident to that condition. If his injury was due to those conditions alone, it was but an ordinary risk of defendant's negligence, if any, in maintaining the ginhouse under those conditions, and he assumed it. The entire strength of plaintiff's case rests upon the one issue of the alleged negligence of the defendant in furnishing to plaintiff for operation a gin stand with a defective lever without warning him of such defect, which, according to the allegations of the petition, broke, and the breaking of which caused plaintiff's hand to be knocked into the saw and thereby to sustain injury. The negligent failure of the defendant to warn plaintiff of the defect, if any, in the lever, and of the risk incident to an effort to operate the gin by using the same, could not properly be submitted as an independent ground of recovery if the alleged negligence in furnishing a gin stand with such a lever was also submitted as a separate and independent ground of recovery. For in determining the issue last named, it would be the duty of the jury to

take into consideration all the surrounding circumstances, including the ignorance of the defendant, if any, of such defect, and the failure of the defendant, if any, to warn the plaintiff of such defect. It was also improper to submit as separate and distinct grounds for recovery, as was done by the trial court, that plaintiff's work had been negligently changed by the defendant with the assurance that the machinery would be looked after and repaired, that defendant negligently failed to warn plaintiff of the danger of operating the gin with the alleged insufficient lights, and that the defendant had negligently failed to employ an experienced machinist to keep the machinery in repair; since those issues were necessarily included in the one issue of alleged negligence in furnishing the gin stand with the defective lever. The foregoing observations have been made without reference to the defenses of contributory negligence and assumed risk and with no intention of being understood as in any manner precluding either of those defenses if they should be sustained upon another trial.

[8] In view of some other assignments, we deem it proper to further state that if it was one of the duties of plaintiff's employment to examine the gin for the purpose of discovering such defects as that of the defective lever which broke and to repair the same himself, or to report the same to his superiors to be repaired, and if in the proper discharge of that duty he must necessarily have discovered such defect before he attempted to operate the gin on the occasion of his injury, then he assumed the risk of operating the gin in that condition and cannot recover. See Allen v. Ry., 14 Tex. Civ. App. 344, 37 S. W. 171; Bonnet v. Railway Co., 89 Tex. 72, 33 S. W. 334; Ladonia Cotton Oil Co. v. Shaw, 27 Tex. Civ. App. 65, 65 S. W. 693; Railway Co. v. Spellman, 34 S. W. 298; Green v. Cross, 79 Tex. 130, 15 S. W. 220.

The issues submitted are somewhat in the nature of a general charge and are not as clear and as specific as they might be made and should be upon another trial, although it is not necessary to determine whether or not the form in which they were submitted would be reversible error. See R. S. arts. 1984 and 1985; also, article 1984a enacted by the Legislature at its regular session in 1913, as shown by Acts of that Legislature, p. 113.

For the reasons noted, the judgment is reversed and the cause remanded.