THURMAN *v.* RITTER.

Opinion delivered December 20, 1915.

1. INJUNCTION BOND—ACTION ON—DAMAGES.—In a suit on an injunction bond the damages to be recovered must be traceable to the act complained of as its direct, proximate and natural consequence, and must not be remote or speculative, involving inquiries that are collateral to the consideration of the wrongful act.

2. INJUNCTION—PREVENTION FROM CLEARING LAND—DAMAGES.—When an injunction, improperly granted, served only to prevent the owner from clearing land, which was good only for agricultural purposes, damages claimed for the delay are too remote, and the owner is entitled to none.

Appeal from Poinsett Circuit Court; *W. J. Driver,* Judge; affirmed.

*L. P. Biggs,* for appellant.

1. The damages claimed are not too remote. 8 A. & E. Enc. Law (2 ed.) 548, 568, 571; 13 Cyc. 25-32; 1 Suth. on Dam. (3 ed.) 38, 134; 8 A. & E. Enc. Law (2 ed.) 584.

2. The damages are not uncertain, contingent or speculative. Black, Law Dict., p. 315, "Speculative Damages;" 77 C. C. A. 297; 8 A. & E. Enc. L. (2 ed.) 608. The loss of a season's crop is equivalent to rental value. 31 Ill. 474; 91 Ark. 427.

3. The rental value is the proper measure of damages. 5 Ark. 612; 91 *Id.* 61; 92 *Id.* 545; 57 *Id.* 395.

*Lamb, Caraway & Wheatley,* for appellee.

1. The damages sued for are purely speculative and too remote. 36 Ark. 518; 2 Suth. on Dam., § 526, p. 1441, and cases cited; 57 Ark. 203; 77 *Id.* 527; 34 *Id.* 710; 48 *Id.* 502; 55 *Id.* 331; 25 Ga. 386; 117 Mass. 501; 55 Ind. 336; 55 N. W. 601; 29 N. E. 255. See also 59 Mo. 99; 15 Ky. L. R. 576.

HART, J. On November 10, 1914, W. G. Thurman and seven others instituted separate actions against E. Ritter to recover damages on an injunction bond. The same issues were involved in each case and they were consolidated for the purpose of trial. The complaint in each case was the same except as to the amount of damages claimed. The plaintiff alleged in substance the following state of facts:

On April 9, 1910, W. G. Thurman settled on certain lands described in the complaint in Poinsett county, Arkansas, believing them to be public lands of the United States, and on the 2d day of July, 1913, entered said lands as a homestead from the United States. On June 20, 1911, E. Ritter filed complaint in the chancery court of Poinsett county against Thurman, alleging that he was the owner of the land and asking for an injunction against Thurman restraining him from cutting or otherwise interfering with the timber or trees on said land. The injunction was granted as prayed for. The case came on for hearing before the chancellor on April 15, 1914, and

the chancellor dissolved the injunction on the ground that Ritter did not own the land. Thurman also alleged in his complaint that he had entered the land for the purpose of making a home for himself and family, that the land is heavily timbered, and only fit for agricultural purposes; that it was his intention to remove the timber so that he might put the land in cultivation; that if he had not been prevented by injunction he would have cleared ten acres of the land in 1911 and put it in proper shape for cultivation in 1912; that in 1912 he would have prepared an additional ten acres for cultivation in 1913; and that in 1913 he would have cleared a like amount of land for cultivation in 1914. He asked damages for the rental value of this land in the sum of $390.

The defendant Ritter interposed a demurrer to the complaint, which was sustained by the court and the complaint dismissed. From the judgment rendered the plaintiff in each case has appealed.

(1) We think the decision of the court was correct. In a suit on an injunction bond the damages to be recovered must be traceable to the act complained of as its direct, proximate and natural consequence, and must not be remote or speculative, involving inquiries that are collateral to the consideration of the wrongful act. *McDaniel* v. *Crabtree,* 21 Ark. 431.

(2) If the land had been in cultivation at the time the injunction suit was instituted and the plaintiff had been enjoined from entering upon the land the rental value of the land would have been his measure of damages; for this would have been the natural and proximate result of the injunction.

The complaint alleged that the land was only fit for agricultural purposes and that none of it was cleared. That the effect of the injunction was to prevent the plaintiff from cutting and removing the timber from the land. We have been able to find but two cases where the precise question here involved has been determined and each holds that where the injunction prevented the owner from cutting certain timber upon agricultural land the

damages claimed for the delay were too remote. *McKinzie* v. *Mathews,* 59 Mo. 99; *Epenbaugh* v. *Gooch,* 15 Ky. Law Rep. 576.

We think the holding in these cases is in accord with the principles laid down by this court. The measure of damages in a case where a person is prevented by injunction from clearing land for agricultural purposes can not be defined with any degree of accuracy. The question of whether the plaintiff would have cleared the lands and put them in cultivation is too remote and speculative. The land was not ready for cultivation at the time the injunction was issued and the mere intention of the plaintiff to clear it and put it in cultivation does not entitle him to damages in this case.

It follows that the judgment must be affirmed.