## TOMPKINS et al. v. HOOKER et al.
### (No. 2309.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 3, 1921. Rehearing Denied March 17, 1921.)

1. Appeal and error ⬦999(1)—Judgment ⬦256(2)—Neither trial court nor Court of Civil Appeals could say findings meant otherwise than language indicated.

The findings being unambiguous and responsive to the questions propounded by the trial court, neither the trial court nor the Court of Civil Appeals had a right to say their meaning was different from that evidenced by the language used.

2. Judgment ⬦256(2)—Court obligated either to set aside findings or render judgment conforming to them.

The trial court could do only one of two things, he had either to set aside the findings of the jury, or render judgment in conformity with them.

3. Appeal and error ⬦1177(5)—Court of Civil Appeals, where findings without support, could only reverse and remand for new trial.

It appearing that the findings of the jury were without support in evidence, the Court of Civil Appeals properly could do but one thing, reverse the judgment and remand the cause for new trial for error of the trial court in overruling appellants' motion for new trial.

Appeal from District Court, Red River County; Ben H. Denton, Judge.

On appellants' motion for a rehearing. Order previously entered granting appellees' motion for rehearing set aside, and order overruling it entered; judgment of the Court of Civil Appeals first rendered, reversing and remanding the cause for new trial on all issues made by the pleadings and testimony, directed to stand as final.

For former opinion, see 226 S. W. 1114.

Lennox & Lennox, of Clarksville, for appellants.

Mahaffey, Keeney & Dalby and Chas. S. Todd, all of Texarkana, for appellees.

WILLSON, C. J. [1-3] Prior to the time he undertook to convey the 176.72 acres in controversy here, Pleasant Lawson conveyed tracts of 42.60 acres, 61.50 acres, 15 acres, 3.18 acres, and 2 acres, a total of 124.28 acres of the 301 acres Christine Lawson owned at the time of her death. The jury found on special issues submitted to them that 42 of the 42.60 acres was worth $9,450 per acre; that the 61.50 acres was worth without the improvements thereon $5,535, and with the improvements thereon $6,150 per acre; that the 15 acres were worth with-

out the improvements thereon $1,250, and with the improvements $2,700 per acre; that the 3.18 acres, or 3.50 acres as the court treated same, was worth without the improvements $225, and with the improvements $650 per acre; and that the 2 acres was worth $100 per acre. According to these findings the parts so sold by Pleasant Lawson were worth without the improvements thereon a total of $762,638. The jury further found that 176 of the 176.72 acres in controversy here were worth without the improvements thereon $29,920, and{ with the improvements $33,440 per acre. In rendering judgment the trial court construed the findings as to the values of the several parts to be the values, respectively, of the entire tracts, and not the values thereof per acre as found by the jury. By their sixteenth assignment appellants challenged the right of the court to so construe said findings, and by their ninth, tenth, eleventh, twelfth, thirteenth, fourteenth and fifteenth assignments challenged the sufficiency of the testimony to support the findings. Having reversed the judgment and remanded the cause for a new trial when the record was considered for the first time, this court, on the theory that the questions made by the assignments would not arise when the case was again tried, did not consider same; and when the record was next before us on appellees' motion for a rehearing, due to the fault of the writer, overlooked, instead of then considering same as we should, before granting the motion and reforming and affirming the judgment in the respect we did. In this way this court fell into the same error the trial court did when he treated the findings of the jury referred to as findings of the total values of the several tracts instead of their values per acre, and based the judgment thereon. Having considered said assignments on appellants' motion for a rehearing, we have reached the conclusion they should have been sustained, that the disposition first made of the appeal was correct, and that appellees' motion for a rehearing should not have been granted, but instead should have been overruled. The findings being unambiguous and responsive to the questions propounded to them by the trial court, neither the trial court nor this court had a right to say their meaning was different from that evidenced by the language used. And yet that is, in effect, what the trial court said by his judgment, and what this court said when it reformed and affirmed the judgment as it did; for the interest of appellants in the land in controversy when ascertained with reference to the findings as the trial court and this court construed them is not so great as when their interest is ascertained with reference to the findings as the jury made them. Hence the judgment of the trial court and of this court on appellees' motion for a rehearing was not only not warranted by, but was contrary to, the findings actually made by the jury. The trial court could do only one of two things: He had either to set aside the findings or render judgment in conformity to them. Article 1990, Vernon's Statutes; Scott v. Bank, 66 S. W. 485; Railway Co. v. Strycharski, 92 Tex. 1, 37 S. W. 415; Ins. Co. v. Burwick, 193 S. W. 165; Jackson v. Walls, 187 S. W. 676; Pantage v. Farmer, 205 S. W. 521; Pyle v. Park, 214 S. W. 652; Railway Co. v. Watson, 13 Tex. Civ. App. 555, 36 S. W. 290; Davis v. Pullman Co., 34 Tex. Civ. App. 621, 79 S. W. 636; Claiborne v. Tanner, 18 Tex. 68; Ketchum v. Boggs, 194 S. W. 201; McLemore v. Bickerstaff, 179 S. W. 536. And, it appearing that the findings as made by the jury were without support in the testimony, this court properly could do only one thing, reverse the judgment and remand the cause for a new trial, because of the error of the court in overruling appellants' motion for a new trial. Therefore the order heretofore made, granting appellees' motion for a rehearing, will be set aside, and an order overruling same instead will be entered. And the judgment of this court first rendered, reversing and remanding the cause for a new trial on all the issues made by pleadings and testimony, will stand as the final judgment of this court.

That there may be no misunderstanding as to the effect of this court's action in setting aside the order granting the motion of appellees for a rehearing, we add that we think the act of this court in overruling the twenty-first assignment in the opinion sustaining said motion was also erroneous, and that the ruling previously made sustaining said assignment was correct, because the part of the answer of the witness J. L. Fulbright held to be admissible was not material to any issue in the case.

