### THOMAS v. MISSOURI PAC. R. CO. (No. 3314.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 9, 1926.)

1. Master and servant ⬳217(7)—Defect in appliances holding railroad car door in position will not authorize recovery by injured car inspector.

That appliances for holding door in position on railroad car were defective would not authorize recovery against railroad by car inspector injured by falling door, since master is not liable for injuries to servant resulting from conditions which servant must look for and report or repair.

2. Appeal and error ⬳1062(5)—Jury's answers to questions relative to damages held immaterial, where answers to preceding questions precluded recovery.

In action by car inspector against railroad for injuries from falling car door, jury's answers to questions relative to damages and compensation were immaterial in entering judgment, where answers to preceding questions precluded recovery.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Bowie County; R. J. Williams, Judge.

Action by W. A. Thomas against the Missouri Pacific Railroad Company. Judgment for defendant, and plaintiff appeals. Affirmed.

S. P. Jones, of Marshall, and Barret Gibson, of Fort Worth, for appellant.

Leak, Henry, Wozencraft & Frank, of Dallas, for appellee.

HODGES, J. In December, 1924, and prior thereto, the appellant was employed as a car inspector by the appellee in its railway yards at Texarkana. On the 12th of that month he was injured, and later filed this suit to recover damages. He pleaded and proved that while he was inspecting the cars in an outbound freight train a door on one of the box cars fell and struck him, causing serious bodily injuries. It appears from the evidence that during the course of his inspection of that train appellant found the door of this car open. He closed it by sliding the door forward, and, while passing by, the door fell from the car and struck him. He alleged negligence on the part of the railway company in equipping the car with insufficient appliances for holding the door in place, and in permitting these appliances to become defective and remain out of repair.

The following are the material issues submitted by the court and answered by the jury:

"(1) Was the door caused to fall by reason of the appliances which were intended to hold it in position being defective or out of repair? Answer. Yes.

"(2) Was the defendant or any of its employees guilty of negligence in failing to discover the condition of the door and its appliances before the plaintiff was injured? Answer. Yes.

"(3) If you have answered question 4 (the preceding question) 'Yes,' you will answer this question: Was the defendant or other of its employees than plaintiff guilty of negligence in failing to repair the condition of the door before plaintiff was injured? Answer. No.

"(4) Was it the duty of plaintiff, as a car inspector of defendant, to inspect the car for defective doors and door hangings? Answer. Yes.

"(5) Was the condition which caused the door to fall such as that plaintiff could, in the discharge of his duty in inspecting the car in the manner in which he was required to inspect it, have discovered the same? Answer. Yes.

"(6) Did the plaintiff, in the manner adopted by him to close the car door, use the care or caution that would have been used by a person of ordinary care and prudence, under the same or similar circumstances? Answer. No.

"(7) Did the plaintiff, in undertaking to close and in closing the car door without seeing or attempting to see (if he did not see or attempt to see) that the door was and its hangings were in proper condition for it to be closed, exercise, under all the facts of the case, the care and caution that should be exercised by an ordinarily prudent person, under the same or similar circumstances? Answer. No.

"(8) Did the plaintiff, when he actually discovered that the door was insecure, or was falling or about to fall, exercise the care that would be ordinarily exercised by a person of ordinary care and prudence, under the same or similar circumstances, to avoid the door falling on him? Answer. Yes.

"(9) What amount of money, if paid now in cash, would fairly compensate the plaintiff the damages, if any, he has sustained? Answer. $18,000.

"(10) What amount do you deduct from the damages stated in answer to question No. 21 (the preceding), if any, on account of the plaintiff's contributory negligence? Answer. $14,-000."

Some of the questions submitted by the court are omitted, and the numbering here adopted is different from that appearing in the record.

[1] After the return of the verdict, the plaintiff filed a written motion asking that judgment upon the findings be entered in his favor. The court denied the motion and entered a judgment in favor of the railway company. Under the first assignment of error, the appellant contends that upon the findings a judgment should have been entered in his favor. That argument is based upon the answer of the jury to question here numbered 2, wherein the jury found, in substance, that the railway company or some of its employees were guilty of negligence in failing to discover the condition of the door and its appliances before the injury. That appellant was, at that time, an employee in the service of the railway company, and was one of those whose duty it was to discover the condition of this door and its appliances for hanging. That the jury had that fact in mind when they answered that question is indicated by their answer to the next question, here numbered 3. The testimony was ample to show that it was the duty of the appellant to inspect for the defects in the appliances for holding doors in position, and the jury found in accordance with that evidence. Conceding that the appliances for holding the door in position were defective, and that the falling of the door was due to that fact alone, the facts bring the appellant within the rule which denies liability of the master for injuries to servants which result from conditions which it is the duty of the servant to look for and report or repair. G., C. & S. F. Ry. Co. v. Kizziah, 86 Tex. 81, 23 S. W. 578; Reed v. Moore (C. C. A.) 153 F. 358, 25 L. R. A. (N. S.) 331; Abilene Light & Water Co. v. Robinson, 62 Tex. Civ. App. 219, 131 S. W. 299; Allen v. G., H. & S. A. Ry. Co., 14 Tex. Civ. App. 344, 37 S. W. 171; Cisco Oil Mill v. Van Geem (Tex. Civ. App.) 166 S. W. 439; St. L. A. & T. Ry. Co. v. Denny, 5 Tex. Civ. App. 359, 24 S. W. 317; 39 C. J. 712.

[2] The answers of the jury to the questions regarding the damages and compensation were properly regarded by the trial court as immaterial, in view of the answers made to the interrogatories preceded. It is admitted that the railway company was engaged in interstate commerce.

The judgment is affirmed.