[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 541 
I am of opinion that the judgment of the Superior Court should be reversed, on the ground that the case has not been tried in the manner contemplated by the law regulating the practice of the court. It will be perceived that, although there was a jury trial, there was no verdict of the jury, general or special. That there was not a general verdict is manifest, for the jury were not allowed to say whether the plaintiff should recover or not. In a general verdict the jury pronounce generally upon all or any of the issues, either in favor of the plaintiff or defendant. (Code, § 260.) A special verdict is that by which the jury find the facts only, leaving the judgment to the court. (Id.) This is also the definition of a special verdict at the common law. It must contain all the facts essential to the rendering of a judgment one way or the other; but the answers of the jury in this case embrace only a small portion of the facts necessary to a judgment. The execution of the mortgage, and its terms, which constituted the plaintiff's title, are not mentioned, nor is there any allusion to the defendants' judgment, or the appointment of a receiver, upon which the defence was based. The judge only submitted such questions of fact as appeared to him to be disputable. This is authorized by section 260 of the Code. but only in connection with a *Page 542 
general verdict. The language is, that the court may, in all cases, instruct the jury, "if they render a general verdict, to find upon particular questions of fact, to be stated in writing, and may direct a written finding thereon." Here no general verdict was contemplated, nor was any rendered; but the answers to the special inquiries were to be taken into consideration by the general term in connection with the facts upon which no inquiry by the jury was thought necessary. This was an assimilation to the practice of courts of equity, but was not congruous to the trial of a common-law action. But if the answers of the jury could be considered a special verdict, the motion for judgment must be made in the first instance at a Circuit Court or a special term. (§ 265.) In this case, although the defendants were obliged to go to the special term with their exceptions, and with the question whether the findings were warranted by the evidence, judgment was to be applied for in the first instance at the general term, where the questions of law arising in the case, namely, upon the findings on the special questions in connection with the facts clearly proved, were to be primarily determined. The course pursued in the case was not warranted by that part of section 265 which directs "that, when exceptions are taken, the judge trying the cause may, at the trial, direct them to be heard in the first instance at the general term, and his judgment be in the meantime suspended;" for there was no direction to send the exceptions to the general term, and they were in fact heard, as has been stated, primarily at the special term, and at the general term on appeal. Nor was it in conformity with that portion of the same section which provides "that where, upon a trial, the case presents only questions of law, the judge may direct a verdict subject to the opinion of the court at the general term; and in that case the application for judgment must be made at the general term." This refers to a case where there is no litigation respecting the facts, but they are agreed upon or conclusively proved, so that there are no questions in the case but those of law. A case is not brought within the provision by having the disputed questions of fact settled by the jury, *Page 543 
and then ordering the case to the general term. It is only to a case which does not involve both classes of questions, and which does not require the two methods of trial, that the provision applies. Besides, where an order is made under either of these branches of the Code, there must be a general verdict. A case of legal, as distinguished from equitable, cognizance, cannot be sent to the general term, like a Chancery case under the former practice, with the testimony and the verdict upon the feigned issues to be considered in connection with the equity arising upon the undisputed facts. The Code has not essentially changed the nature of a jury-trial in a common-law case. If there are questions of law and of fact, the judge must determine the former as they arise, and leave the others to the jury, who may find a general or special verdict, as they see fit. If the judge deems it expedient, for the purpose of an expected review, to have a special finding upon particular propositions, he may give appropriate directions for that purpose; or, if there are no questions except legal ones, as where the matter depends upon the construction or the effect of a written instrument, and the like, the jury may be peremptorily instructed to give a verdict one way or the other, subject to the opinion of the court at a general term, and the parties be directed to apply there for judgment; or he may leave the party against whom the decision is to move for a new trial on a case and exceptions in the ordinary course of justice.
We have frequently had occasion to state these rules, and have several times reversed judgments for want of conformity to them. Two cases of this kind are reported: Cobb v. Cornish
(16 N Y, 602); Gilbert v. Beach (id., 606); and the same course has been taken in a good many unreported cases. In one of them (Clew v. McPherson), decided at the September term, last year, all the disputed questions had been determined in the manner adopted in this case — by taking the answers of the jury to special interrogatories; and the judge then directed the questions of law to be heard in the first instance at the general term, and that judgment should be there applied for. The case falling to me to write on, I considered the questions *Page 544 
of law to be very plain ones, and that, moreover, they had been correctly decided, as I thought, at the general term, where judgment had been given for the defendant. I, therefore, proposed to my brethren to overlook the irregular manner in which the case had been disposed of in the Supreme Court, especially as it did not appear that the course had been objected to at the Circuit. The judges were, however, of opinion, in which I ultimately concurred, that it was expedient to adhere to the reported cases; it being thought that, in that way, a course of proceedings, such as we had indicated, would eventually be adopted at the Circuit Courts.
It follows from what has been said, that the judgment of the Superior Court in this case must be reversed, and a new trial awarded; the costs to abide the event.