[No. 4445.]

## DAVID KIEL v. J. W. REAY.

ISSUES MUST BE SETTLED BEFORE JUDGMENT.—If, in an action on a promissory note, the defendant denies that the plaintiff is the owner and holder of the same, and special issues are submitted to a jury which do not constitute a defense if the plaintiff is the owner and holder of the note, and the jury find on the special issues alone, it is error for the court to render judgment until there is a finding on the issue of ownership.

PROMISSORY NOTES.—If the payor of a note conveys land to the holder, by way of security for its payment, and the holder afterwards sells the notes to a third person, and then conveys the land to another person to secure his own debt, these facts do not constitute a defense, if such third person sues the payor to recover on the notes.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

Action on several promissory notes given by defendant Reay. Three of the notes were payable to Lewis Schumacher or order, and five were payable to Johnston & Reay. The plaintiff averred that the payees had indorsed the notes, and that he was the owner and holder. The answer denied that the plaintiff was the owner and holder of the notes, and averred payment, and that the notes were, on the 30th day of December, 1869, lawfully in the possession of one Lewis Schumacher, and that while he had them, the defendant, and one Roper, at the defendant's request, deeded to Schumacher valuable real estate as security for the payment of the notes, and that the plaintiff received them after maturity, and with knowledge of the facts.

The special issues found were, that the amount of the notes, principal and interest, was $30,175.87; that Reay had paid on them in money, $19,407.96; that Schumacher received the deed of land as security for the notes, and afterwards conveyed a portion of the land to one Rosenfeld to secure his debt to Rosenfeld. It was further found that Schumacher owed Rosenfeld $5360, and that the value of the land conveyed by Schumacher to Rosenfeld was $6500. The court, in rendering judgment for Reay, allowed the defendant, as a set-off to the amount due on the notes, the

value of the land conveyed by the defendant to Schumacher. The plaintiff appealed.

The other facts are stated in the opinion and dissenting opinion.

*Daingerfield & Olney*, for the Appellant.

If defendant claimed a right to a foreclosure and an application of the funds, he ought to have tendered us this issue; otherwise we were entitled to a judgment on the notes, without any discount save the actual cash payments, for "the character of a mortgage, as security, is in no way affected by the fact that judgment for the debt has been obtained." (*Nagle* v. *Macy*, 9 Cal. 426; *Peters* v. *Jamestown Bridge Company*, 5 Cal. 334; Id. 515.)

The records simply gave us notice that Reay had given to Schumacher deeds for a certain sum of money paid by Schumacher to Reay, and in no way gave us any notice of the fact that it had any reference to our promissory notes. The fact that these deeds were mortgages, and that they were given to Schumacher, our assignor, as security, was a defense which, if Reay insisted upon, he was bound to show, and equity and good faith would require that he offer to us a title to the land, by confirming the transaction as a sale, or by treating it as a mortgage, and asking us to sell the land, pay our debt out of it, and pay the balance over to defendant; but this could only be done by showing that the plaintiff was cognizant of all the equities existing.

*J. M. Seawell*, for the Respondent.

Schumacher and Rosenfeld had the legal title to the land, and the cases in reference to mortgages have no application.

By the Court, CROCKETT, J.:

A jury was called to try the issues in the cause; one of which was, whether the plaintiff was the holder and owner of the promissory notes sued upon. At the trial certain special issues were submitted to the jury by consent, with instructions to find a special verdict on these issues. The special issues so submitted did not include the issue made

by the pleadings as to whether the plaintiff was the holder
and owner of the notes; and the verdict responded only to
the special issues submitted, there being no general verdict.
Thereupon the defendant moved for judgment on the ver-
dict, and the motion having been granted, a judgment was
entered for the defendant, from which the plaintiff appeals.
If it be assumed that the plaintiff was the holder and owner
of the notes, the special facts found by the jury did not con-
stitute a defense to the action, the property having been
conveyed to Schumacher only by way of security, and not
in payment, and that portion of it conveyed by the latter to
Rosenfeld having also been conveyed in the same way.

But the issue as to the plaintiff's ownership of the notes
was not determined by the verdict. This material issue of
fact raised by the pleadings has not been decided, and until
it has been determined the case is not in a condition for
judgment. There has been simply a mistrial, and until the
issues of fact are decided no final judgment can be entered.
(*Chamberlain* v. *Dempsey,* 14 Abb. Pr. R. 241; *Griffin* v.
*Cranston,* 5 Bosw. 658; *Kintz* v. *McNeal,* 1 Denio, 436;
*Eisemann* v. *Swan,* 6 Bosw. 668; *Manning* v. *Monaghan,* 23
N. Y. 539.)

Judgment reversed and cause remanded.

WALLACE, C. J., dissenting:

The case was submitted to the jury upon certain special
issues agreed upon by the counsel for the respective parties.
The jury, by their verdict, responded to each of the special
issues so submitted to them, and the verdict was received
and recorded without objection by either party. No motion
for a new trial was made upon either side, and afterwards,
upon motion of the defendant, judgment was rendered be-
low in his favor. It is not pretended that in view of the
issues made by the pleadings, the verdict, as found, would
support a judgment in favor of the plaintiff, and no motion
for a new trial having been made, or other proceeding
taken below to disturb the verdict as found by the jury, it
results that the judgment there rendered was correct, and
in my opinion it should be affirmed here.

Mr. Justice RHODES did not express an opinion.