(110 N. W. 770.)

---

RALPH D. WARD AND MILAN G. WARD v. OLE GRADIN.

Opinion filed August 4, 1906.

**County Organization — District and Collateral Attack Thereon.**

> 1. The right of McLean county to exercise its corporate powers over the territory added thereto by chapter 50, page 129, Laws 1891, cannot be assailed, even by a direct attack, either at the suit of a private person or by the state. State v. McLean Co., 92 N. W. 385, 11 N. D. 356, followed and approved.

**Same.**

> 2. The existence and authority of a municipal corporation acting under color of law cannot be questioned collaterally by private suitors.

Sheriffs — Conversion — Evidence — Impeachment of Witness.

3. The sheriff was sued in conversion for seizing and selling property pursuant to a proceeding to collect personal property taxes from a delinquent taxpayer. One of the contested issues was whether the property belonged to the taxpayer or to plaintiffs, and the taxpayer was the principal witness for plaintiffs. The defendant was permitted to prove that the taxpayer, whom the defendant claimed owned the property seized, had never voluntarily paid the taxes imposed on him. *Held* prejudicial error.

### Trivial Defects in Pleading.

4. Trivial defects in a pleading, which could not mislead, should be disregarded, where no objection is made before trial.

Appeal from District Court, McLean county; *Winchester, J.*

Action by Ralph D. Ward and others against Ole Gradin. Judgment for defendant, and plaintiffs appeal.

Reversed.

*Newton & Dullam,* for appellants.

Plaintiff's in conversion must allege their ownership and right to possession at the time of the taking. Parker v. Bank, 3 N. D. 87, 54 N. W. 313; Clendenning v. Hawk, 8 N. D. 419, 79 N. W. 878.

Act organizing McLean county was unconstitutional. Richards v. Stark County, 8 N. D. 392, 79 N. W. 863; Schaffner v. Young, 10 N. D. 245, 86 N. W. 733; State ex rel. Walker v. McLean County, 11 N. D. 356, 92 N. W. 385.

Sheriff's authority to levy for delinquent taxes is confined to his county. Chapter 134, Laws 1903; Schaffner v. Young, supra.

An unconstitutional act affords no justification for any act done under it. Norton v. Shelby County, 118 U. S. 425, 30 L. Ed. 178.

The defendant was a trespasser. State v. McLean County, supra.

One sued for an official act cannot justify as a *de facto* officer. 5 Am. & Eng. Enc. Law, 96; State v. Carroll, 38 Conn. 449; Norton v. Shelby County, supra; Blake v. Sturtevant, 12 N. H. 567; Conover v. Devlin, 15 How. Pr. 477; Cummins v. Clark, 15 Vt. 653; Courser v. Powers, 34 Vt. 517; Outhouse v. Allen, 72 Ill. 529; Meagher v. Story Co., 5 Nev. 244; In re Hinkle, 31 Kan. 712.

Plaintiff was entitled to judgment notwithstanding the verdict for the value of his cattle. Laws 1901, page 74, chapter 63; Rich-

mire v. Andrews, 11 N. D. 451, 92 N. W. 819; Johns v. Ruff, 12 N. D. 714, 95 N. W. 440; Nelson v. Grondahl, 12 N. D. 130, 96 N. W. 299.

*W. L. Nuessle* and *Guy C. H. Corliss,* for respondent.

It is settled law in Wisconsin, from which our law was copied, that a special verdict need not cover all the issues, but is sufficient, if when taken in connection with the undisputed facts, or facts with respect to which the proofs are all one way, it sustains the case of the party in whose favor it is rendered. Stringham v. Cook, 44 N. W. 777; Cooper v. Ins. Co. of Pennsylvania, 71 N. W. 606; Murphy v. Weil, 61 N. W. 315.

The right of a municipal corporation to exercise jurisdiction can be attacked only by the sovereign, not collaterally. People v. Oakland, 28 Pac. 807; State v. Westport, 22 S. W. 888; State v. McMillan, 18 S. W. 784; East Dalla v. State, 11 S. W. 1030; People v. Peoria, 46 N. E. 1075; State v. Cram, 16 Wis. 343; People v. Maynard, 15 Mich. 463; State v. McLean County, 11 N. D. 356-360, 92 N. W. 385.

ENGERUD, J.  The plaintiffs are suing to recover damages for the alleged conversion of 38 head of cattle, which they claimed to own as partners when the cattle were seized by the defendant, who at the time of the seizure was the sheriff of McLean county. The defendant admits the seizure and sale of the cattle, but denies that they were the sole property of Ralph D. Ward, one of the plaintiffs.  Defendant justifies the seizure and sale by virtue of proceedings to collect certain delinquent personal property taxes assessed against Ralph D. Ward in McLean county. There was a trial to a jury, which found in favor of defendant, and judgment was entered accordingly.  Plaintiffs moved in the alternative for judgment notwithstanding the verdict or for a new trial, which motion was heard and denied before the entry of judgment.  This appeal is from the judgment.

One of the main questions in controversy at the trial was as to the ownership of the cattle.  The defendant claimed that Ralph D. Ward was the sole owner thereof, and denied that the other two plaintiffs had any interest therein.  In relation to this issue the defendant's counsel propounded to the county treasurer, who was a witness, the following question: "State whether or not Ralph

D. Ward has paid any personal property taxes since 1899 voluntarily." The question was objected to on the ground that it was incompetent, irrelevant and immaterial. Plaintiff's counsel thereupon stated that the object of the question was to show a persistent and determined purpose to avoid the payment of taxes, and the court overruled the objection. The witness answered that said Ward had not voluntarily paid such taxes since 1899. The evidence was clearly irrelevant to the issue being tried. That it was prejudicial is equally plain, especially in view of the avowed object of the question. It could hardly fail to create a prejudice in the minds of the jury against the plaintiffs, and especially against Ralph D. Ward, who was their main witness. This error requires a reversal and new trial.

There was no error in denying plaintiffs' motion for a directed verdict, and hence the motion for judgment notwithstanding the verdict was also properly denied. On this point plaintiffs contend: (1) That there was no issue made by the answer as to plaintiffs' alleged joint ownership of the cattle on the date of the conversion; (2) that the place where the seizure by the sheriff was made was outside the boundaries of McLean county. We think the criticism of the answer is hypercritical. The complaint alleged the conversion on October 3, 1903. The denial of plaintiffs' alleged ownership found in the answer is in the present tense, and, strictly construed, simply denies that the plaintiffs were the owners on the day the answer was dated or verified; but it is perfectly plain that it is merely a grammatical error, which could mislead no one, and which would have been speedily corrected, if attention had been called to it before the trial. We think it is one of those trivial defects which the court is directed to disregard by section 5300. Rev. Codes 1899 (Rev. Codes 1905, section 6886). The answer also contains a general denial, and in the part of the answer pleading the justification it is stated in express terms that the levy was made upon cattle then belonging to Ralph D. Ward.

The plaintiffs contend that the cattle in question were seized outside of McLean county, where the defendant and the taxing officers of that county had no authority to act. The defendant contends, on the other hand, that the place of seizure lies within McLean county, and that the seizure and sale were therefore made with legal authority. The pleadings fix the place of seizure upon section 22, township 148, range 86. This is within the boundaries of Mc-

Lean county as fixed by chapter 50, p. 129, Laws 1891; the same being an act to increase the boundaries of McLean and certain other counties. Counsel for plaintiffs contend that this act is void for the reason that the subject of the act is not expressed in the title, and to sustain this contention rely upon the decision of this court in Richard v. Stark County, 8 N. D. 392, 79 N. W. 863. We are agreed that the right of McLean county to exercise its corporate authority over the territory added by chapter 50, p. 129, Laws 1891, is not now open to question. This court held in State v. McLean County, 11 N. W. 356, 92 N. W. 385, in a direct attack by quo warranto upon the corporate authority being exercised by McLean county over the territory in question under the act of 1891, that because of the long-continued and general acquiescence in the validity of that act, and for the reason stated in the opinion, it could not be questioned. whether upon the application of a private relator, or even upon application of the state. We are entirely satisfied with the conclusion announced in that case. But, regardless of our conclusion in the above case, in no event can the present attack be sustained. The former was a direct attack. The present attack is entirely collateral. McLean county has been exercising jurisdiction over the territory in question under the assumed authority of the act above referred to for 15 years. It is settled law that "where a municipal corporation is acting under color of law, and its existence is not questioned by the state, it cannot be collaterally drawn in question by private persons; and the rule is not different, although the constitution may prescribe the manner of incorporation. * * * In such cases evidence that the corporation is acting as such is all that is required." 1 Dillon on Munic. Corp. (4th Ed.) sections 43a, 418; Cooley, Const. Lim. (5th Ed.) 311; 1 Smith on Munic. Corp., section 59, and cases cited; also Coler & Co. v. Dwight School District, 3 N. D. 249, 55 N. W. 587, 28 L. R. A. 649, and cases cited. It is manifest, therefore, that, to the extent that the plaintiffs' right of recovery rests upon an alleged want of authority in the officers of McLean county to impose and collect taxes in the territory in question, it is not well founded.

For the reason first above stated, the judgment will be reversed, and a new trial granted. It is not necessary to express any opinion as to whether the special verdict in this case is sufficient, or as to whether the insufficiency of the verdict would be ground for

reversal, if the facts not found appeared from the statement of the case to have been admitted or conclusively established.

Young, J. (concurring). I concur in the result, but place my concurrence in the reversal upon the insufficiency of the special verdict. At the close of the testimony the court, against the objection and exception of plaintiffs' counsel, submitted the case to the jury for a special verdict upon six questions. No general verdict was returned. The special verdict, consisting of the questions and the jury's answers thereto, is as follows: "Verdict: (1) What was the value of the property in question at the time of the alleged sale thereof by the defendant? Five hundred and eighty-five dollars ($585.00). (2) Who was the owner of the cattle in question at the time of the alleged sale thereof by the defendant? Ralph D. Ward. (3) Was the plaintiff Ralph D. Ward the sole owner of the cattle in question at the time of the alleged sale thereof by the defendant? Yes. (4) What, if any, interest did the plaintiff Ralph D. Ward have in the cattle in question at the time of the alleged sale thereof by the defendant, and what was the value of such interest? Sole owner. Value, $585.00. (5) What, if any, interest did the plaintiff Milan G. Ward have in the cattle in question at the time of the alleged sale thereof by the defendant, and what was the value of such interest? He had no interest. (6) What, if any, interest did the plaintiff William O. Ward have in the cattle in question at the time of the alleged sale thereof by the defendant, and what was the value of such interest? He had no interest. J. R. Howell, Foreman." Upon motion of defendant's counsel, judgment was entered upon the special verdict dismissing plaintiffs' action and for costs.

In my opinion it was error to submit the case to the jury upon the six questions embraced in the special verdict and to subsequently enter judgment thereon. The so-called special verdict covers only a part of the ultimate facts in issue, and there was no general verdict. The plaintiff did not waive a trial by jury, and they were entitled either to a general verdict or to a special verdict covering all of the ultimate facts in issue. Where a case is submitted to a jury for a special verdict, the facts must be submitted and found, so "that nothing shall remain to the court but to draw from them conclusions of law." Section 5444, Rev. Codes 1899 (section 7033, Rev. Codes 1905), reads as follows: "* * * The verdict of a jury is either general or special: (1) A general

verdict is that by which they pronounce generally up all or any of the issues either in favor of the plaintiff or defendant; and (2) a special verdict is that by which the jury find the facts only, leaving the judgment to the court. The special verdict must present the conclusions of fact as established by the evidence and not the evidence to prove them; and these conclusions of fact must be so presented that nothing shall remain to the court but to draw from them conclusions of law." The special verdict in this case finds in effect but two facts: (1) That Ralph D. Ward was the sole owner of the property; (2) that it was of the value of $585. It is patent that these facts alone do not furnish a sufficient basis for any legal conclusions as to which party is entitled to judgment. They do not embrace all of the facts essential either to make out or defeat the plaintiffs' alleged cause of action. The special verdict is entirely silent upon the questions of the alleged wrongful taking and conversion by the defendant and also upon the defendant's alleged justification. True, the taking was admitted by the defendant in his answer, and was therefore not in issue. Still that did not dispense with the necessity for a finding upon the vital question as to whether the taking was wrongful, or upon the ultimate facts alleged by the defendant in his plea of justification. There is no fact found which the court could hold as matter of law that the taking was rightful, and consequently there is no basis for the judgment of dismissal.

Counsel for respondent concede the insufficiency of the special verdict, but contend that, when taken in connection with the evidence in the case, it supports the judgment. They contend that an examination of the evidence will show that the material allegations of the defendant's answer, alleged by way of justification, are sustained by undisputed evidence, and that for the purposes of the judgment this is equivalent to a finding that the property was not wrongfully taken but that it was rightfully seized and sold. This presents the question whether a judgment will be sustained where it rests in part upon a defective special verdict and in part upon the evidence as to a material fact in issue as to which there is no finding. In my opinion there is no authority of law for the entry of judgment in such cases. The requisites of a special verdict under our statute (section 7033, supra) do not differ from those of a special verdict at common law. The rule is universal that the special verdict must find every material fact in issue, and the find-

ings should be of such a nature that nothing remains for the court but to draw from such facts the proper conclusions of law. It is generally held that facts admitted by the pleadings need not be found. There is reason in this for such facts being admitted are not in issue. See 22 Enc. Pl. & Pr. 981, 986, 987, and cases cited. It has been held in Wisconsin, under a statute differing somewhat from our section 7033, supra, that, while the questions embraced in a special verdict must cover all the controverted issues of fact, "a judgment on a special verdict will not be reversed for its failure to determine one or more of the issues, if the uncontradicted evidence proves that issue in favor of the prevailing party." Williams v. Porter, 41 Wis. 422; Hutchinson v. Ry. Co., 41 Wis. 541; McNarra v. C. & N. W. Ry. Co., 41 Wis. 69; Munkwitz v. Uhlig, 64 Wis. 380, 25 N. W. 424; Weisel v. Spence, 59 Wis. 301, 18 N. W. 165. Wisconsin is alone in holding that a judgment in a jury case, where a jury has not been waived and no general verdict has been returned, may stand in part upon the facts found in a special verdict, and in part upon facts not found and in issue, but established by the evidence. The prevailing rule is that the court cannot examine the evidence to determine what judgment should be given, and that it is of no avail that evidence was adduced which would have warranted a finding of a material fact which it omitted from the special verdict. And this is true, even where the evidence as to material facts in issue is undisputed. The court in entering judgment can look only to the special verdict for the determination of the facts in issue. The evidence cannot take the place of findings. It is true the court may in a proper case direct what answer shall be given to a particular question, and it seems that in some cases, where a material fact as to which there is no dispute has been omitted from the special verdict through inadvertence, the verdict may be amended upon motion. But in all cases the findings in the special verdict must cover the material facts in issue in the pleadings, and the evidence cannot be resorted to to supply them. Wallingford v. Dunlap, 14 Pa. 31; Jenks v. Hallet, 1 Caines (N. Y.) 60; Seward v. Jackson, 8 Cow. (N. Y.) 406; Kuhlman v. Medlinka, 29 Tex. 385; Maxwell v. Bank (Tex. Civ. App.) 23 S. W. 342; Ry. Co. v. Richardson, 13 Tex. Civ. App. 555, 36 S. W. 290; Cole v. Crawford, 69 Tex. 126, 5 S. W. 646; Newbolt v. Lancaster, 83 Tex. 271, 18 S. W. 740; Walker v. Dewing, 8 Pick. (Mass.) 520; Phoenix Water Co. v. Fletcher, 23 Cal.

482; Kiel v. Réay, 50 Cal. 61; Chesapeake Ins. Co. v. Stark, 6 Cranch (U. S.) 268, 3 L. Ed. 220; M'Arthur v. Porter's Lessee, 1 Pet. (U. S.) 626, 7 L. Ed. 290; Barnes v. Williams, 11 Wheat. (U. S.) 415, 6 L. Ed. 508; Prentice v. Zane's Adm'r, 8 How. (U. S.) 470, 12 L. Ed. 1160; Daube v. P. & R. C. & I. Co., 77 Fed. 713, 23 C. C. A. 420; also 22 Enc. Pl. & Pr. 998, and Clementson ·on Special Verdicts, 224.

The Wisconsin rule that the evidence may be referred to to. supply facts omitted in the special verdict has not been accepted even in that state without dissent. See dissenting views of Chief Justice Ryan in Ward v. Busack, 46 Wis. 407, 1 N. W. 107. The Supreme Court of the United States in Hodges v. Easton, 106 U. S. 408, 1 Sup. Ct. 307, 27 L. Ed. 169, a case arising in Wisconsin, declined to follow the rule of that state. In that case the special verdict did not cover all of the material facts in issue. The trial court ordered judgment upon the special verdict and upon the "facts conceded or not disputed upon the trial." The judgment was reversed and a new trial ordered upon the ground that the issues of fact triable by jury were not submitted to the jury in the mode required by law. Mr. Justice Harlan speaking for the court, said: "* * * The record discloses that the defendants had a determination by the jury of a part of the facts, while other facts, upon which the final judgment was rested, were found by the court to have been conceded or not disputed. If we should presume that there were no mtaerial facts considered by the court beyond those found in the answers to special questions, then, as we have seen, the facts found do not authorize the judgment. If, on the other hand, we should adjudge it to have been defendants' duty to preserve the evidence in a bill of exceptions, and that, in deference to the decisions of the state court, it should be presumed that the 'facts conceded or not disputed at the trial' were, in connection with the facts ascertained by the jury, ample to support the judgment, we then have a case at law, which the jury was sworn to try, determined as to certain material facts by the court alone, without a waiver of a jury trial as to such facts. It was the province of the jury to pass upon the issues of fact, and it was the right of the defendants, secured by the Constitution of the United States, to have them do so. That right could have been waived, but it could not be taken from them by the court. If, upon the trial, all the facts essential to recovery had been undis-

puted, or so conclusively established the cause of action as to have authorized the withdrawal of the case altogether from the jury. by a pre-emptory instruction to find for plaintiff, it would still have been necessary that the jury make its verdict, albeit in conformity with the order of the court. The court could not, consistently with the constitutional right of trial by jury, submit a part of the facts to the jury, and itself determine the remainder, without a waiver by the defendant of a verdict by the jury. * * * It has often been said by this court that the trial by jury is a fundamental guaranty of the rights and liberties of the people. Consequently, every reasonable presumption should be indulged against its waiver. For these reasons, the judgment below must be reversed."

The rule laid down in the cases above cited was followed by this court in the recent case of Sonnesyn v. Akin, 14 N. D. 248, 104 N. W. 1026. It is a mistrial where, as in this case, there is no general verdict, and the jury's answers to specific questions do not cover all of the facts in issue. Manning v. Monaghan, 23 N. Y. 539. The insufficiency of the special verdict requires a reversal of the judgment.

I concur in what is said as to the present status of McLean county and its freedom from collateral attack.