PERCY E. ANDERSON, Plaintiff, *v.* EMILY B. ANDERSON, Defendant.

(Supreme Court, New York Special Term, May, 1918.)

Divorce — action for — what not a "special verdict" — judgment — costs.

> A finding of the jury in the negative upon the issue of adultery in an action for divorce is not a "special verdict" in the proper sense of the words, and the successful defendant upon her application at Special Term for judgment upon such finding is not entitled to tax in her bill of costs twenty dollars before argument and forty dollars for argument.

ACTION for a divorce.

Harry Crone, for plaintiff.

James Garfield Moses, for defendant.

HOTCHKISS, J.  The action was for divorce. The issue of adultery was tried by jury in accordance with the provisions of section 1757 of the Code. The jury found in the negative, and thereafter, at Special Term, judgment was rendered for defendant. Section 3251 of the Code includes, among taxable costs, the following: "Upon a motion for a new trial, upon a case, or an application for judgment upon a special verdict, * * . * as prescribed in subdivision fourth of this section," to wit, "Before argument, twenty dollars; For argument, forty dollars." Defendant contended that she was entitled to tax these items by reason of her application at Special Term for judgment upon the finding of the jury. The clerk has refused to tax, and defendant moves for retaxation. With respect to special verdicts the pre-

cise application of the provisions quoted has apparently never been determined by any reported case. The original meaning of " special verdict " has become obscured by the frequent use of the words to denote any finding of a jury other than a general verdict. Section 1186 of the Code defines general and special verdicts as follows: "A general verdict is one, by which the jury pronounces, generally, upon all or any of the issues, in favor either of the plaintiff or of the defendant. A special verdict is one, by which the jury finds the facts only, leaving the court to determine, which party is entitled to judgment thereupon." This definition accords with the common-law definition under which a special verdict " must contain all the facts essential to the rendering of a judgment one way or the other." *Manning* v. *Monaghan,* 23 N. Y. 539. See, also, *Carr* v. *Carr,* 52 N. Y. 261; *Jones* v. *Brooklyn Life Ins. Co.,* 61 id. 79. At common law the jury in rendering a special verdict stated the facts found, and prayed the advice of the court thereon, concluding that if, upon the whole matter, the court should be of the opinion that the plaintiff has a cause of action, then it finds for the plaintiff; if otherwise, for the defendant. This formal conclusion has become obsolete. Obviously it added nothing to the substance of the verdict, but its inclusion tended to preserve the proper definition of a special verdict as one which embraced all the facts essential for a judgment. Methods of practice were early developed to obviate, so far as possible, the necessity for new trials because of omissions or other imperfections in special verdicts. Where a court directed a special verdict, counsel had an opportunity to submit to the jury proposed verdicts containing what they conceived to be all the necessary facts; but, as the jury had the right to make such changes as they deemed proper, the verdict was

often defective, and where the jury under a direction to find either a general or special verdict found a special verdict, the verdict so rendered was frequently imperfect, and generally lacked completeness, commonly for the reason that the jury was not required to find upon facts admitted by the pleadings or upon disputed facts. Unless the defects were of such a nature as to be irremediable and to require a new trial, the verdict could be molded into proper form in a variety of ways. Thus the pleadings could be taken into consideration, undisputed facts could be added by consent of counsel, the judge who presided at the trial could certify that no evidence was offered upon certain issues, a *venire de novo* might be awarded to supply certain omissions or to correct ambiguities, and alterations in form could be made as by stating the substance of a deed where the verdict unnecessarily found the deed *in haec verba*. It was the practice at common law to formally settle the special verdict, file the proceedings, have copies of the record made for use upon argument, and apply for judgment on the special verdict as settled by bringing the matter on for argument as upon a demurrer. See 2 Tidd Pr. (4th Am. ed.) 896 *et seq.;* Abbott's Civil Jury Trials (3d ed.); chap. 27; *Suydam* v. *Williamson,* 20 How. (U. S.) 427. The practice indicated seems to have become obsolete in this state, although provision therefor is made in the Code and the General Rules of Practice. Section 265 of the old Code of Procedure provided that " a motion for a new trial, on a case or exceptions, or otherwise, and an application for judgment on a special verdict or case reserved for argument or further consideration, must, in the first instance, be heard and decided at the Circuit or Special Term * * *." It will clarify the meaning of this section to point out that the " case reserved for argument "

has reference to a procedure frequently adopted as a substitute for a special verdict whereby the parties " bring the matters in dispute before the court for decision, upon a case reserved at the trial, or made up by consent between the parties." *Seward* v. *Jackson,* 8 Cow. 406, 410. The common-law special verdict and the " case reserved " were closely associated for reasons indicated in the case cited (and see 2 Tidd Pr. [4th Am. ed.] 900 *et seq.*), and accordingly they were treated together in the old Code. Section 1233 of the present Code of Civil Procedure, taken from section 265 of the old Code, provides that: "A motion for judgment, upon a special verdict, may be made by either party; and must, in the first instance, be heard and decided, at a term held by one judge." Rule 32 of the General Rules of Practice provides that: " Cases reserved for argument and special verdicts shall be settled in the same manner " in which a case is settled. This involves service of the proposed final form of verdict, proposal of amendments, and settlement upon notice by the judge who tried the case. See 2 Rumsey Pr. (2d ed.) 376, 377. Section 307 of the old Code provided for the allowance of costs of twenty dollars and forty dollars respectively, " before argument and for argument on application for judgment upon special verdict * * * or for a new trial on a case made * * * under the provisions of section 265." The provisions as to costs are now contained in section 3251 of the present Code, as previously quoted. In the light of the foregoing it is, I think, clear that the provision for costs now in question is applicable only in a case where a true special verdict is rendered, settled in final form for argument as provided by rule 32, brought on for argument, upon notice and by a formal application for judgment, as provided in section 1233, and argued as upon a

demurrer. Where the court orders judgment, upon motion, after the rendition of a special verdict, without reserving the questions of law for argument on a settled verdict, the costs in question may not be allowed. See *Kenney* v. *First Nat. Bank,* 8 Civ. Pro. 398. In the present case there was not a formal application for judgment upon a settled verdict. Furthermore, the finding of the jury on the question of adultery is not a special verdict in the proper sense of the words. It does not find all the facts, and leaves the conclusions of law for the court. See Code Civ. Pro. § 1758. It is rather in the nature of a finding upon framed issues. Code Civ. Pro. §§ 1757, 970, 971. A finding on one fact cannot furnish a basis for an application for judgment thereon, when other material facts are necessary to a decision. See *Walsh* v. *Bowery Sav. Bank,* 10 Civ. Pro. 32. The case of *Sparrowhawk* v. *Sparrowhawk,* 11 Hun, 528, is not in point. The application for judgment in that case was upon a referee's report, and not upon a special verdict; nor were the referee's conclusions of fact binding upon the court so as to present questions of law only. In short, this defendant must fail in her attempt to tax, since there was no application for judgment upon a verdict, no special verdict, and no argument within the meaning of the Code and General Rules of Practice.

Motion denied, with ten dollars costs.