STATE EX REL. BROWN, RELATOR, *v.* DISTRICT COURT
ET AL., RESPONDENTS.

(No. 4,237.)

(Submitted June 19, 1918.  Decided July 10, 1918.)

[174 Pac. 601.]

*Mandamus—New Trial—Notice of Intention—Entry of Judgment—Notice—Waiver—Time—Fractions of Day—Laches.*

New Trial—Entry of Judgment—Notice—Waiver.
  1.  The party intending to move for a new trial may waive formal notice of entry of judgment and serve his notice of intention without it.

Same—Entry of Judgment—Notice of Intention—Timely Service.
  2.  Section 6796, Revised Codes, requires that service and filing of a notice of intention to move for a new trial shall be made *after* entry of judgment.    A judgment was lodged with the clerk of the district court on the 22d of the month but not entered in the judgment book until the 23d.    *Held*, on application for writ of mandate to compel settlement of a bill of exceptions, that a notice served and filed the 23d and *before* actual entry of the judgment was not ineffectual.

Same—Time—Fractions of Day—To be Disregarded, When.
    3. In passing upon a motion for a new trial where the only question raised by the prevailing party in opposition has to do with the regularity of procedural steps taken by the moving party, courts should disregard fractions of a day.

Same—*Mandamus*—Laches.
    4. Where a party made repeated efforts, covering a period of about eighteen months, to have a bill of exceptions and statement of the case settled and his motion for new trial disposed of, he was not, on his application for writ of *mandamus* to compel action by the district judge, chargeable with laches.

Original application for writ of *mandamus* by the State, on the relation of D. E. Brown, against the District Court of the Tenth Judicial District in and for the County of Fergus, and the Judge thereof.   Writ issued.

*Messrs. Belden & De Kalb* and *Messrs. Gunn, Rasch & Hall,* for Relator, submitted a brief; *Mr. H. L. De Kalb* argued the cause orally.

*Messrs. Blackford & Huntoon,* for Respondents, submitted a brief; *Mr. W. M. Blackford* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Application for writ of *mandamus.* From the affidavit for the writ we gather these facts: On June 17, 1916, in an action tried in the district court of Fergus county by Hon. Roy E. Ayers, wherein one H. I. Slack was plaintiff and D. E. Brown, the relator herein, was defendant, the plaintiff recovered judgment. On June 21 the formal judgment was signed by the judge, and on the following day was delivered to the clerk who, over his signature by one of his deputies, indorsed thereon the following: "Filed June 22, 1916." Above this indorsement was written at the same time the word "Entered." On June 23 the clerk made up and marked "filed" the judgment-roll as required by the statute. (Rev. Codes, sec. 6806.) On that day the judgment was recorded in the judgment-book and the appropriate memoranda made upon the judgment docket. On the same day defendant's notice of intention to move for a new

trial was served upon counsel for plaintiff, defendant's counsel expressly waiving notice of entry of judgment and stating that the motion would be made upon the minutes of the court and a bill of exceptions thereafter to be prepared and served. Service was accepted by counsel for plaintiff without objection or reservation. Formal notice of the entry of judgment was given by counsel for plaintiff on June 24. Extensions of time in which to prepare and serve the bill were granted by the court. Within the time so extended the draft of the proposed bill was served. Counsel for plaintiff proposed amendments. The draft of the bill and the amendments were lodged in the office of the clerk for the judge for settlement. Accompanying the amendments was the following reservation: "Now comes the plaintiff above named and expressly reserving to himself all right to object to the settlement and allowance of defendant's proposed bill of exceptions herein, and without waiver of any right to object to the said proposed bill of exceptions or the settlement thereof, now proposes to the defendant's proposed bill of exceptions the following changes and amendments, to-wit," *etc.* The settlement of the bill having been brought on for hearing on January 31, 1917, counsel for plaintiff appeared specially, and objected that the court was without jurisdiction because the notice of intention had been served and filed prior to the entry of judgment instead of afterward, as provided by the statute. (Rev. Codes, sec. 6796.) In support of the objection, counsel presented the affidavits of one of the clerk's deputies and of a recording clerk employed in the office, from which it appeared that the notice of intention with proof of service was filed in the forenoon of June 23, and that the judgment was formally spread upon the judgment-book in the afternoon of that day. The court sustained the objection, and entered an order refusing to settle the bill. On March 29 counsel for defendant moved the court for a reconsideration of its order. On August 29 the court, having had the matter under advisement until that time, denied the motion. Counsel for defendant thereafter, on October 1, brought on for decision the

motion for a new trial as based on the minutes of the court. This the court by an order made on January 19, 1918, refused to consider for the same reason as that stated in the order of January 31, 1917. On May 27 the court refused an application for a settlement of a statement of the case embodying the minutes of the court. At the same time it again refused to determine the motion for a new trial. The purpose of this application is to compel Judge Ayers to settle relator's bill of exceptions and to hear and dispose of his motion for a new trial. In response to the alternative writ, the defendant court appeared by counsel, and moved to quash it and dismiss the proceeding on the grounds that the facts stated do not warrant the relief demanded, and that the relator was guilty of inexcusable delay in applying for the writ. In support of the motion counsel presented an elaborate brief, but, after careful consideration of it, we think the motion should be denied, and that the writ should be made peremptory.

The service of the notice of intention was timely. The re-[1] lator was not required to wait for formal notice of the entry of judgment. The provision of the statute (Rev. Codes, sec. 6796) that the party intending to move for a new trial must give notice of intention within ten days after notice of entry of judgment is clearly intended for the benefit of the moving party. Hence he may waive the requirement of formal notice and proceed without it (Rev. Codes, sec. 6181; *Parchen* v. *Chessman,* 49 Mont. 326, Ann. Cas. 1916A, 681, 142 Pac. 631, [2] 146 Pac. 469). Nor do we think the notice abortive because it was served and filed before the judgment was actually spread at large upon the judgment-book. It is the duty of the clerk to enter a judgment as soon as it is lodged with him for that purpose, and the presumption that he has done so should be deemed conclusive for all purposes except when a question of priority of substantial right arises, rendering necessary an inquiry into the order of sequence of events occurring on the same day. (*Kelly* v. *Independent Pub. Co.,* 45 Mont. 127, Ann. [3] Cas. 1913D, 1063, 38 L. R. A. (n. s.) 1160, 122 Pac. 735.)

Here no question of priority arises, but one as to the regularity of procedure only. In such a case the court ought not to take notice of fractions of a day to reject jurisdiction of a motion for a new trial, and thus defeat the moving party, but indulge the presumption that the entry of judgment and the service of notice had taken place in regular sequence. The court should have disregarded the affidavits presented in support of the objection, settled the bill, and determined the motion on its merits.

The contention that the relator was guilty of laches is with-
[4] out merit. Although his various applications to the trial court to have the bill of exceptions and statement settled and the motion for a new trial disposed of were futile, the fact that he made them and pressed them upon the attention of the court relieves him of the charge. It is therefore ordered that the alternative writ be made peremptory.

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.