CALVERT ET AL., APPELLANTS, *v.* ANDERSON ET AL.,
RESPONDENTS.

(No. 5,987.)

(Submitted January 12, 1927. Decided February 24, 1927.)

[254 Pac. 184.]

*New Trial—Statutory Procedure Exclusive—Premature Notice
of Intention—Effect on Jurisdiction of Court—Record on
Appeal—Bills of Exceptions.*

Appeal — Record — Defective Certificate of Clerk — Undertaking —
Proper Amendment—Dismissal of Appeal Denied.
   1. Motion to dismiss appeal for failure of the certificate of
the district court to show that a proper undertaking on ap-
peal had been filed, denied where prior to the hearing of the
motion the supreme court granted leave to appellant to file,
and he did file, an amended certificate showing the filing of
a proper undertaking at the time the notice of appeal was
filed.

New Trial — Statutory Procedure Exclusive — Notice of Intention —
Purpose.
   2. The procedure to be followed in connection with a motion
for new trial prescribed by statute is exclusive, the notice of
intention being the step initiating the proceeding, the chief
function of which is to bring within the jurisdiction of the
court those parties to the original action whose interests would
be adversely affected by the granting of the motion.

Same—Notice of Intention—If Premature, Does not Confer Jurisdic-
tion.
   3. The notice of intention to move for a new trial must be
given within the time prescribed by statute; if given either
after the time has expired or before the time has commenced
to run, it is ineffective for the purpose of conferring juris-
diction.

Same—Notice of Intention—Giving Before All Issues are Deter-
mined Ineffective for Any Purpose.
   4. *Held,* that the clear intendment of section 9399, Revised
Codes of 1921, providing that notice of motion for a new trial
must be served and filed within ten days after return of the
verdict (referring to a jury trial), or within ten days after
receiving notice of the decision of the court (referring to a
trial without a jury), is that the notice shall only be given
after all the issues of fact necessary to a determination of the
whole case upon the pleadings have been determined.

2.  See 20 **R. C. L.** 304.
3.  See 20 **R. C. L.** 302.

Same—Premature Notice of Intention Ineffective to Give Jurisdiction of Motion.

5. Where in an action for damages for injuries to land caused by seepage of water from an irrigation ditch and for injunctive relief, the former question was tried to a jury, the court reserving to itself determination of the issues relating to the injunction, and appellants two days after rendition of the verdict but long prior to the filing of the court's findings and conclusions of law and entry of judgment and decree served their notice of motion for a new trial, their action in that regard was premature (see par. 4, above) and did not confer jurisdiction upon the court to act upon the motion thereafter filed pursuant to such notice.

Same—Premature Notice of Intention—Extension of Time for Preparing Bill of Exceptions Void for Want of Jurisdiction.

6. Where a notice of intention to move for a new trial had been prematurely served, depriving the trial court of jurisdiction of the motion thereafter filed, its order extending the time in which appellant could prepare, serve and file his bill of exceptions was void as made without jurisdiction.

---

[1]  Appeal and Error, 4 C. J., p. 457, n. 72.
[2]  New Trial, 29 Cyc., p. 921, n. 13 New; p. 936, n. 29.
[3]  New Trial, 29 Cyc., p. 939, n. 57, 61; p. 940, n. 63 New.
[4]  New Trial 29 Cyc., p. 721, n. 3; p. 939, n. 61; p. 940, n. 63 New.
[5, 6]  New Trial, 29 Cyc., p. 940, n. 63 New; p. 966, n. 61.

*Appeal from District Court, Deer Lodge County, in the Third Judicial District; George Bourquin, a Judge of the Second District, presiding:*

ACTION by E. E. Calvert and others against John Anderson and others. Judgment for plaintiffs. From an order granting time to file bill of exceptions plaintiffs appeal. Order set aside.

*Mr. T. P. Stewart* and *Mr. S. P. Wilson,* for Appellants, submitted a brief; *Mr. Wilson* argued the cause orally.

*Mr. J. F. Sullivan* and *Mr. Jos. J. McCaffery,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

Plaintiffs brought this action to recover damages for injuries to their property alleged to have been caused by the seepage of

water from an irrigating ditch constructed, owned and oper-
ated by the defendants, and also to secure an injunction to
restrain the defendants from maintaining and using their ditch
in such a manner as to permit the waters flowing therein to
seep and percolate therefrom and cause injury and damage to
the plaintiffs on said property.

The pleadings in the case are voluminous, but in order to
present the questions raised by this appeal it is only necessary
to state that by them issues were joined upon the questions:
(1) Whether the defendants had negligently caused injury to
plaintiff's property by the construction, maintenance, and op-
eration of their ditch in the manner charged in the complaint,
and, if so, the amount of the damages resulting therefrom; and
(2) whether the plaintiffs were entitled to an injunction re-
straining the defendants from using, managing and handling
their ditch in the manner in which it had theretofore been
maintained and used.

The cause came on regularly for trial on January 11, 1926;
the parties demanded a jury to try the issues in so far as the
question of damages was concerned, and a jury was duly im-
paneled and sworn to try such issues.  The parties having in-
troduced their evidence and rested, thereupon the court in-
structed the jury upon the issues submitted, and in the first
instruction, among other things, advised the jury: "The action
is brought to recover damages and for an injunction.  The
jury are not called upon to decide the question of an injunc-
tion, but the question of damages is properly to be submitted
to the jury."

On January 14 the jury returned their verdict in favor of
plaintiffs, fixing the amount of damages they were entitled to
recover from the defendants.  Thereafter the court made find-
ings of fact in which it was recited that the cause came on
regularly for trial on January 11, 1926; that "a jury having
been demanded by the parties to try the issues in so far as

damages are concerned, thereupon a jury was regularly impaneled and sworn to try said issues''; that the jury had returned their verdict upon said issues, which verdict is set forth *totidem verbis*. The court then continued, ''Having considered the testimony produced herein by and on behalf of each plaintiffs and defendants, the court now makes and finds the additional findings of fact and conclusions of law,'' and found all the issues of fact in the case in favor of plaintiffs, and as conclusions of law decided that the plaintiffs were entitled to recover from the defendants the amount awarded by the verdict of the jury; that they were entitled to a permanent injunction against the defendants, restraining them from the commission of the acts complained of, and directed that a judgment and decree be entered accordingly. These findings of fact and conclusions of law were filed on February 13, 1926, and on that day judgment and decree was rendered and entered. On February 20, 1926, the plaintiffs served upon counsel for defendants the following notice: ''You and each of you will please take notice that judgment in the above cause was entered on the thirteenth day of February, 1926.'' On January 16, 1926, two days after the return of the verdict by the jury, and some thirty-four days prior to the service of the foregoing notice, counsel for defendants served upon counsel for plaintiffs ''notice of intention to move for a new trial.'' On March 31, 1926, the court made the following order: ''This day upon motion of counsel for the defendants and upon good cause shown, the defendants in the above-entitled action are granted forty-five days from the date hereof within which to prepare, serve and file a bill of exceptions herein and also within which to prepare, serve and file a bill of exceptions incorporating the affidavits or depositions used by the said defendants upon the hearing of their motion for a new trial herein''—which order was filed on April 1, 1926, and on May 11, 1926, plaintiffs appealed from this order.

The defendants have moved to dismiss this appeal on the [1] grounds that no certificate of the clerk of the trial court or of the attorneys herein is contained in the transcript to the effect that an undertaking on appeal in due form has been properly filed or that a deposit has been made as provided for in section 9741, Revised Codes of 1921, and that there is no stipulation of the parties or their attorneys waiving an undertaking on appeal herein. Prior to a hearing of this motion the plaintiffs moved the court for leave to file an amendment to the clerk's certificate attached to the transcript on appeal, so as to show that on May 11, 1926, at the time of filing the notice of appeal, the plaintiffs did file an undertaking on appeal in due form. At the hearing on this motion to dismiss, counsel for plaintiffs presented and filed an additional certificate of the clerk of the district court showing that plaintiffs did file an undertaking on appeal in due form at the same time and in connection with the filing of the notice of appeal. Upon this showing it is ordered that the plaintiffs' motion to amend the certificate on appeal herein in accordance with their motion therefor is sustained, and the defendants' motion to dismiss the appeal is overruled.

Whether the court had authority to make the order appealed from depends upon whether a motion for a new trial of the action was then pending, and this in turn depends upon whether the notice of intention or notice of motion to move for a new trial, filed and served two days after the entry of the verdict and some twenty-eight days prior to the making of the court's findings and the entry of decree, had the effect of initiating a motion for a new trial of the cause.

The procedure to be followed in connection with a motion for [2] a new trial is prescribed by statute, and such procedure is exclusive. (*Evans* v. *Oregon Short Line R. Co.*, 51 Mont. 107, 149 Pac. 715; *Stabler* v. *Adamson*, 73 Mont. 490, 237 Pac. 483.) The notice of intention is the first step. Its purpose is to

initiate the proceeding, and its chief function is to bring within the jurisdiction of the court those parties to the original action whose interests would be adversely affected by the granting of the motion. (1 Hayne on New Trial and Appeal, sec. 12.)

In order that the court may have jurisdiction to entertain [3] a motion for a new trial the notice of intention must be given within the time prescribed by the statute. If it be given either after the statutory time has expired (*Stabler* v. *Adamson, supra*), or before the time has commenced to run (*Power & Bro., Ltd.,* v. *Turner,* 37 Mont. 521, 97 Pac. 950), it is ineffective for the purpose of conferring jurisdiction.

Our first statutory provision prescribing the time within which notice of intention to move for a new trial must be served, appeared in the Bannack Statutes, section 171, page 77, as follows: "The party intending to move for a new trial or rehearing shall give notice of the same within two days after the trial," *etc.* In the Codified Statutes of 1871–72, section 235, page 75, this provision was modified so as to read: "The party intending to move for a new trial shall give notice of the same as follows: When the action has been tried by a jury, within five days after the rendition of·the verdict, and when tried by a referee or by the court, within ten days after receiving written notice of the filing of the finding of the referee or court." The wording but not the substance of this provision was changed in the Laws of 1877, section 287, page 112, so as to read as follows: "The party intending to move for a new trial must, within ten days after the verdict of the jury, if the action was tried by a jury, or after notice of the decision of the court or referee, if the action was tried without a jury, file with the clerk and serve upon the adverse party a notice of his intention," *etc.* And the same wording was carried forward into the Revised Statutes of 1879, section 287, page 79, the Compiled Statutes of 1887, section 298, page 135, and section 1173 of the Code of Civil Procedure of 1895. In

the Revised Codes of 1907, section 6796, the provision was changed so as to read, "The party intending to move for a new trial must, within ten days after receiving notice of the entry of the judgment, serve upon the adverse party and file with the clerk a notice of his intention," *etc.*, and so remained until amended by section 7, Chapter 225, of the Laws of 1921, which was incorporated in the Revised Codes of 1921 as section 9399, as follows: "The party desiring a new trial must, within ten days after the return of the verdict or within ten days after receiving notice of the decision of the court, serve upon the adverse party and file with the clerk a notice of motion for a new trial," *etc.*

In the statutory provisions as they existed from 1871 to 1895, [4] and likewise from 1921 to the present, a different time has been prescribed for the giving of a notice of motion for a new trial in jury and nonjury cases. The provision that the notice should be given within a certain time after the verdict of the jury, if the action was tried by a jury, and within a specified time after notice of the decision of the court "when tried by a referee or by the court," or "if the action was tried without a jury," does not essentially differ from the present provision. "After the return of the verdict" refers to a jury trial, and "after receiving notice of the decision of the court" has reference to a nonjury trial. In either case, the clear intendment of the statute is that the notice of motion for a new trial shall only be given after all the issues of fact necessary to a determination of the whole case upon the pleadings have been decided and determined. (*Crowther* v. *Rawlandson*, 27 Cal. 377.)

Counsel for defendants contend that the verdict of the jury upon the issue of damages submitted to it constituted a trial of the whole cause without regard to a finding and decision by the court upon the other issues raised by the pleadings.

In *Bell* v. *Marsh,* 80 Cal. 411, 22 Pac. 170, it is said: "A case has not been tried until all the issues have been disposed of"—that is, until all the material issues raised by the pleadings have been disposed of, so that the final judgment is the appropriate judicial conclusion, there has been no trial. (*San Joaquin etc. Irr. Co.* v. *Stevinson,* 30 Cal. App. 405, 158 Pac. 768; 1 Hayne on New Trial and Appeal, sec. 1, par. 3.) Where a part of the issues is disposed of and the rest reserved, there has been no trial. (*Crowther* v. *Rawlandson, supra;* 1 Hayne on New Trial and Appeal, sec. 18, p. 103.)

In the instant case the jury were expressly instructed that they were to determine only the question of damages. Thus the court reserved to itself a determination of the other issues, and until such issues had been determined by it, there was no trial of the whole case.

It might be pertinent in this connection to inquire whether, upon the return of the verdict of the jury in this case on January 14, the court could have entered a valid final judgment. Clearly not, for the all-sufficient reason that issues raised by the pleadings had not then been decided. In other words, at that time there had been no trial of the cause. To have entered a judgment before all the issues had been decided would simply have resulted in a mistrial (*Hickey* v. *Breen,* 40 Mont. 368, 20 Ann. Cas. 429, 106 Pac. 881; *Kiel* v. *Reay,* 50 Cal. 61; *Ward* v. *Gardin,* 15 N. D. 649, 109 N. W. 57; *Manning* v. *Monaghan,* 23 N. Y. 539), and such a judgment could not have been sustained. As there had not been at that time a trial or decision of the whole case, the court could not have granted a new trial, for "a new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury or court, or by referees." (Sec. 9395, Rev. Codes 1921.) We do not conceive that it was the intent of section 9399, *supra,* to require a party to ask the court to do something which it was not authorized to do by the very terms of section 9395, *supra.*

A situation similar to the one before us was presented in the [5, 6] case of *Barnes* v. *Foley,* 189 Cal. 226, 207 Pac. 885. In that case the complaint stated a cause of action to enjoin the defendant from trespassing upon lands of the plaintiffs and to recover damages caused by trespasses already committed. A trial by jury of the issues as to damages was demanded, and upon that issue a verdict was returned on September 29, 1921. On October 26, 1921, the court made and filed findings of fact and conclusions of law and rendered judgment for damages assessed by the jury, and also granted the injunctive relief prayed for. On October 8, which was after the rendition of the verdict but before the filing of the findings and the entry of judgment thereon, the defendant filed a notice of intention to move for a new trial. The court held that the notice of intention was prematurely filed, and in the course of its opinion said: ''Where the action embraces several issues, some of which are tried by the court and some by a jury, a notice of intention to move for a new trial, served and filed after the verdict on the issues submitted to the jury, but before the decision on the issues tried by the court, is premature and gives 'to the court no power to act upon the motion which should thereafter be made under the notice' ''—citing numerous California cases. Section 659 of the Code of Civil Procedure of California, under which the above decision was rendered, does not differ essentially from our section 9399, *supra.*

For the reasons above indicated and under the authorities cited, *supra,* we think that the rule announced in the case of *Barnes* v. *Foley,* above, is the correct one, and therefore the defendants' notice of intention to move for a new trial, served and filed on January 16, 1926, two days after the return of the verdict of the jury and long prior to the receipt of notice of the decision of the court, was premature and did not confer upon the court jurisdiction to act upon the motion for new trial thereafter filed pursuant to the notice; that no motion for

new trial was ever properly before the court, from which it follows that the order of the court made on March 31, extending the time within which to prepare, serve and file a bill of exceptions in support of the motion for a new trial, was made without jurisdiction, and it is therefore void.

The order appealed from is set aside.

*Order set aside.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, MATTHEWS and GALEN concur.