STATE ex Rel. KING, Relator, *v.* DISTRICT COURT et al.,
RESPONDENTS.

(No. 7,906.)

(Submitted December 14, 1938.   Decided January 5, 1939.)

[86 Pac. (2d) 755.]

*Mr. Edwin T. Irvine,* for Relator, submitted a brief, and argued the cause orally.

*Mr. Sherman W. Smith* and *Mr. J. J. McDonald,* for Respondents, submitted a brief; *Mr. Smith* argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an application for a writ of prohibition to restrain the district court from further proceedings, and to vacate and annul an order made granting a new trial. The matter arose out of proceedings involving the dissolution of a partnership. On September 30, 1938, the district court made its findings of fact and conclusions of law in favor of plaintiff, who is the relator here. No judgment or decree was entered at that time, but subsequently, on November 22, 1938, a minute entry was

made by the clerk which set forth that the judge of the district court informed him and ordered as follows: "The findings of fact and conclusions of law heretofore filed in this action on September 30, 1938, are deemed as constituting and do constitute the final decree in the above entitled cause to be in full force and effect on and after said September 30th, 1938, * * * and this does order, that said findings of fact and conclusions of law be, and they are hereby entered as such final decree."

October 4, 1938, within five days after the filing of the findings of fact and conclusions of law, counsel for defendant filed his notice of intention to move for a new trial, and motion for a new trial. Various other motions were filed, and on October 28, 1938, all were heard and taken under advisement. November 14, a minute entry was made reciting that on that date the court ordered that a new trial be granted to defendant.

The main question for decision is whether the district court's order for a new trial can be sustained.

Section 9400, Revised Codes, provides that a motion for new trial must be decided within fifteen days after such motion is submitted, and also "if the court shall fail to decide the motion within said time, the motion shall, at the expiration of said period, be deemed denied. The decision on motion for a new trial may be entered in the minutes of the court, or may be made in writing in chambers or in any county in the state where the judge may be, and be filed with the clerk of court in the county where the action is pending."

This section has received interpretation many times. *State ex rel. Sinko* v. *District Court*, 64 Mont. 181, 208 Pac. 952, is one of the leading cases in which the district court waited beyond the fifteen-day period to decide upon a motion for new trial. This court said: "After the submission of the motion, it must be decided within 15 days or it is by operation of law denied. After the expiration of 15 days, the motion having been denied, there is nothing further the court can do; it having lost jurisdiction." Here it appears from the minutes of the clerk that no decision was made until November 14, 1938,

which was seventeen days after the motion was submitted. However, the district judge in his return to the alternative writ stated: "That I made the order granting a new trial herein on the 12th day of November, 1938, but the same being Saturday and due to the rush of business, I did not telephone said order on said date; that I did not make said order on the 14th day of November, 1938, but communicated said order to the Clerk of the District Court at Philipsburg, Montana, on said date."

We have searched the record and exhibits in vain to find any written memorandum, minute entry or form of order made by the judge on the 12th of November, which, if made on that date, was within the statutory time. The order mentioned by the judge in his return was merely orally announced to one of counsel in his chambers in Helena. In any event it was not communicated officially in either of the two ways provided in the statute, which procedure is exclusive. (*Calvert* v. *Anderson,* 78 Mont. 334, 254 Pac. 184; *State ex rel. Sinko* v. *District Court,* supra.)

The requirements of section 9400 are unequivocally set forth in *State ex rel. Highway Com.* v. *Speidel,* 87 Mont. 221, 286 Pac. 413, wherein the court said: "To 'decide' means 'to determine; to form a definite opinion; to come to a conclusion; to give a decision, as the court decided in favor of the defendant.' (Webster's New Int. Dictionary.) When the court has decided the motion, its decision may be announced orally in open court and thereupon 'entered in the minutes of the court,' or it may be made known by written order signed by the judge and filed with the clerk. (*United Railroads of San Francisco* v. *Superior Court,* 197 Cal. 687, 242 Pac. 701.) The decision must be made known in either event, or by either method, within fifteen days after the motion is submitted."

We are unable to say the decision of the court was officially made known within fifteen days after the motion was submitted and therefore, it was deemed denied. (Compare *Marcellus* v. *Wright,* 61 Mont. 274, 202 Pac. 381.)

An additional point is raised by counsel for respondents with relation to the notice of intention to move for new trial under section 9399, Revised Codes. The pertinent part of the statute is as follows: "The party desiring a new trial must, within ten days after the return of the verdict or within ten days after receiving notice of the decision of the court, serve upon the adverse party and file with the clerk a notice of motion for a new trial." This section, like 9400, has been construed by this court on many occasions. One thing is clear from the section, and that is that it is intended for the benefit of the moving party, and therefore he may waive the requirement of formal notice of the decision of the court, if he so chooses. (*State ex rel. Brown* v. *District Court*, 55 Mont. 158, 174 Pac. 601; *Calvert* v. *Anderson*, supra.) In the last cited case it was said: "The notice of intention is the first step. Its purpose is to initiate the proceeding, and its chief function is to bring within the jurisdiction of the court those parties to the original action whose interests would be adversely affected by the granting of the motion."

It is respondents' contention that the defendant acted prematurely in initiating his motion for new trial on the theory that no legal notice of the decision of the court had been given him. This contention is untenable. Defendant's counsel filed notice of intention to move for a new trial five days after notice of the court's findings of fact and conclusions of law had been served upon him. True, mere findings of fact and conclusions of law do not constitute a judgment. (Sec. 9367, Rev. Codes; *Galiger* v. *McNulty*, 80 Mont. 339, 260 Pac. 401.) But section 9399, as it now reads, does not require notice after judgment, but only notice after verdict of the jury or decision of the court. The history and evolution of section 9399 to its present form are set forth at length in *Calvert* v. *Anderson*, supra. The court there announced: " 'After the return of the verdict' refers to a jury trial, and 'after receiving notice of the decision of the court' has reference to a nonjury trial. In either case, the clear intendment of the statute is that the notice of motion for a new trial shall only be given after all

the issues of fact necessary to a determination of the whole case upon the pleadings have been decided and determined. (*Crowther* v. *Rowlandson*, 27 Cal. [376] 377.)'' This language controls here, and the court properly had jurisdiction to entertain the notice of motion for new trial at the time it did.

That prohibition is a proper remedy here cannot be doubted. ██ Section 9861, Revised Codes, defines the writ and instances in which it may be used. Section 9862 limits its application to cases in which "there is not a plain, speedy, and adequate remedy in the ordinary course of law." An appeal may be taken from an order granting a new trial. (Sec. 9731, Rev. Codes.) However, " 'A remedy by appeal does not necessarily defeat the right to relief by prohibition;' the application is made to the sound discretion of the court, and, where it appears that the respondent court could not render a valid judgment because of lack of jurisdiction, the writ should issue to end litigation and save needless expense." (*State ex rel. Redle* v. *District Court,* 102 Mont. 541, 59 Pac. (2d) 58, 60; *State ex rel. Lane* v. *District Court,* 51 Mont. 503, 154 Pac. 200, L. R. A. 1916E, 1079.) These decisions are controlling here, not only to prevent further proceedings in the matter looking to a new trial, but also to undo that which has already been done. It is the office of the writ of prohibition to give complete relief. (*State ex rel. Examining and Trial Board* v. *Jackson,* 58 Mont. 90, 99, 190 Pac. 295.)

The motion to quash is denied. The order granting a new trial is annulled and set aside, and the district court is hereby prohibited from further proceedings with relation to a new trial. Let the writ issue.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS and ANGSTMAN concur.

Rehearing denied February 4, 1939.